Don V. STINSON, Petitioner-Appellant,

v.

STATE OF ALABAMA,
Respondent-Appellee.

No. 76–2363

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1978.

Don V. Stinson, pro se.

William J. Baxley, Atty. Gen., Montgomery, Ala., Barry V. Hutner, Asst. Atty. Gen., Birmingham, Ala., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The court en banc, having reheard this habeas cause following our panel opinion reported at 5 Cir., 545 F.2d 485, has remanded it to us for reconsideration in light of its opinion in *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978). Our earlier disposition was, but for a contention of petitioner foreclosed by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), a remand to the district court for a determination whether state remedies had been exhausted as to his claims.

We conclude that *Galtieri* has little if any bearing on this case. It deals with petitions containing both exhausted and unexhausted claims. Here there is doubt whether *any* of petitioner's claims have been exhausted. Nevertheless we conclude, exhaustion being a matter of comity and not jurisdiction, that we should reach the merits of petitioner's remaining claims. The state does not raise exhaustion, and this matter has been in our courts for almost three years—long enough. We have therefore considered these claims, all denied by our district court on their merits. As to each, we conclude that the court was correct.

AFFIRMED.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.