William Carl MIXON,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 79–1497
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1979.

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

Robin A. Hartman, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Arnaldo N. Cavazos, Jr., Asst. U. S. Atty., Dallas, Tex., for respondent-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This appeal is from the denial of a motion under 28 U.S.C. § 2255 to set aside a conviction and sentence imposed upon William Carl Mixon by the United States District Court for the Northern District of Texas.

In February, 1962, without the assistance of counsel, Mixon pleaded guilty to two counts of forging, uttering and publishing a United States Treasury check, in violation of 18 U.S.C. § 495, and to one count of interstate transportation of a forged security, in violation of 18 U.S.C. § 2314. He received consecutive sentences totalling fifteen years. No appeal was filed.

In August, 1966, Mixon filed a motion for reduction of sentence under Rule 45 of the Federal Rules of Criminal Procedure. The district court denied relief.

In December, 1978, Mixon filed a 28 U.S.C. § 2255 motion seeking to vacate the

1962 conviction and sentence. He contended that his waiver of counsel was constitutionally invalid, and further that there was noncompliance with Rule 11 of the Federal Rules of Criminal Procedure. The district court, adopting a magistrate's report and recommendation, denied relief and a later motion for reconsideration.

On appeal Mixon contends that the district court erred in three respects: in determining that his § 2255 motion should be dismissed on grounds of delay; in finding that the record established that he had made an effective waiver of counsel; and in concluding that in 1962 Rule 11 did not require the court to find that he was aware of the maximum possible sentence for his offenses.

We reverse the district court's finding of impermissible delay; affirm its conclusion that there was effective waiver of the right to counsel; and remand for a determination of whether or not there was compliance with Rule 11.

■ Under Rule 9(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a § 2255 motion may be dismissed for delay only if it appears that the delay has prejudiced the government's ability to respond. Such prejudice cannot be presumed. It thus was error for the district court to dismiss the motion absent a showing by the government that it was prejudiced by the 16-year delay.

■ In order to be constitutionally effective a waiver of the Sixth Amendment right to counsel must be made knowingly and intelligently. Whether a waiver has been made knowingly and intelligently de-

pends on the particular facts and circumstances of the case, including the background, experience, and conduct of the accused. *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ Here Mixon clearly decided that he wanted to represent himself and did not want counsel.[1] The record shows further that he was competent to make such a decision. Mixon was 35 years old and claimed to be a high school graduate and a Navy veteran. He had been convicted and imprisoned on five previous occasions. We cannot say that the trial court erred in accepting his waiver of counsel. *See Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

■ At the time of Mixon's conviction, Rule 11 provided in part that the court "shall not accept [a plea of guilty] without first determining that the plea is made voluntarily with an understanding of the charge." As interpreted by the courts, this required a determination that the defendant was aware of the maximum possible sentence for his offense. *See, e. g., Marvel v. United States,* 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960 (1965); 8 *Moore's Federal Practice* ¶ 11.01/3/, at 11–6 (1979). It was not necessary that the record show that the defendant learned of the maximum penalty from the judge in the plea proceeding, only that he had received knowledge of the matter from any source. *Cheely v. United States,* 535 F.2d 934, 935 (5th Cir. 1976); *Tucker v. United States,* 409 F.2d 1291, 1295 (5th Cir. 1969).

■ In this case the record is unclear.[2] The possible penalties for the offenses for

---

1. Record, p. 9:
   THE COURT: Do you have an attorney?
   MR. WILLIAM CARL MIXON, JR.: No, sir.
   THE COURT: Under the laws of the United States, you are entitled to have a lawyer appointed to represent you free of charge if you are unable to hire a lawyer. Now, do you want a lawyer or do you want to go ahead without one?
   MR. WILLIAM CARL MIXON, JR.: Go ahead without one, Your Honor.

2. Record, pp. 12–14:
   MR. TIMMINS: Number 16,009-Criminal.
   THE COURT: Read the charge.
   (Information read.)
   THE COURT: All right. Now, you have heard the charge against you and received a copy of it?
   MR. WILLIAM CARL MIXON, JR.: Yes, Your Honor.
   THE COURT: Do you understand the charge against you?

which Mixon was charged were noted by the prosecutor during the guilty plea proceeding, but only after the court had accepted Mixon's pleas. We reject the government's contention that Mixon's awareness of the possible penalties should be inferred from his history of forgery-related convictions. There is nothing in the record to indicate that Mixon knew the maximum penalties for his other crimes, that their maximums were similar to the maximums for the 1962 crimes, or that if there was a similarity Mixon was aware of it. The Rule required a better showing. Mixon has alleged a violation of the Rule that if proved is of such a nature as to entitle him to § 2255 relief. *See United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (§ 2255 relief not available to correct technical violation of Rule 11); *Keel v. United States,* 585 F.2d 110 (5th Cir. 1978) (en banc); *United States v. Dayton,* 604 F.2d 931 (5th Cir. 1979) (en banc). We thus remand the case to the district court for an evidentiary hearing to ascertain if Mixon had knowledge from any source of the maximum limits of his punishment. If the court finds that he did not, his conviction must be set aside.

Although neither party raised the issue, we find it necessary to note in order to prevent a reoccurrence that the magistrate who reviewed Mixon's § 2255 motion should have disqualified himself.

Under 28 U.S.C. § 455(b)(3), any federal justice, judge, magistrate, or referee in bankruptcy must disqualify himself "/w/here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

*See also* Canon 3(C)(1)(b) of the Code of Judicial Conduct. The test suggested by the cases in this Circuit is whether there was a prior knowledge of the facts or a prior interest in an issue arising out of them. *Adams v. United States,* 302 F.2d 307, 310 (5th Cir. 1962); *Roberson v. United States,* 249 F.2d 737, 741 (5th Cir. 1957).

Here the record shows that the magistrate who reviewed Mixon's § 2255 motion appeared and participated as an Assistant United States Attorney in the consideration of Mixon's 1966 motion to reduce his 1962 sentence. His disqualification was thus

MR. WILLIAM CARL MIXON, JR.: Yes, sir.

THE COURT: How do you want to plead to the charge, guilty or not guilty?

MR. WILLIAM CARL MIXON, JR.: Guilty, Your Honor.

THE COURT: Have any promises of favors or inducements of any kind whatsoever been made to you or offered to you by anybody about this plea?

MR. WILLIAM CARL MIXON, JR.: No, sir.

THE COURT: Do you plead guilty solely because you are guilty?

MR. WILLIAM CARL MIXON, JR.: Yes, sir.

THE COURT: Do you make the plea voluntarily of your own free will and accord?

MR. WILLIAM CARL MIXON, JR.: Yes, sir.

THE COURT: The Court finds you guilty on your plea of guilty to these charges. All right. Do you want to proceed with the information about him in this case or to take his plea in the other case?

MR. TIMMINS: I have the information on both cases together, Your Honor.

THE COURT: All right. Let's just take his plea on the other case. You have read the counts in Cause Number 16,009 in the Northern District of Oklahoma?

MR. TIMMINS: Yes, Your Honor.

THE COURT: Now, let's read the charge against him in Cause 16,021, the Dallas, Texas case.

(Indictment read.)

THE COURT: Now, you have heard this indictment read and received a copy of it, have you not?

MR. WILLIAM CARL MIXON, JR.: Yes, sir.

THE COURT: Do you understand the charge against you?

MR. WILLIAM CARL MIXON, JR.: Yes, sir.

THE COURT: How do you want to plead to the charge, guilty or not guilty?

MR. WILLIAM CARL MIXON, JR.: Guilty, Your Honor.

THE COURT: Have any promises of favors or offers or other inducements of any kind whatsoever been made or offered to you by anybody about this plea?

MR. WILLIAM CARL MIXON, JR.: No, sir.

THE COURT: You plead guilty solely because you are guilty?

MR. WILLIAM CARL MIXON, JR.: Yes, sir.

THE COURT: You make this plea voluntarily of your own free will and accord?

MR. WILLIAM CARL MIXON, JR.: Yes, sir.

THE COURT: The Court finds you guilty on your plea of guilty on this charge.

clearly required. We rely on our earlier decision to remand to remove any conceivable taint that may have resulted.

REVERSED IN PART; AFFIRMED IN PART; and REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.