**James Ellis MARKS,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

No. 81–1323.

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1982.

---

David Allan Eldridge, William J. Teitelbaum, Dallas, Tex., for petitioner-appellant.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, GEE and GARZA, Circuit Judges.

CLARK, Chief Judge:

In this habeas corpus proceeding under 28 U.S.C. § 2254, James Ellis Marks seeks reconsideration of the life sentence he received pursuant to a 1976 state court conviction for aggravated robbery. He contends that the jury's consideration in the sentencing stage of that trial of two prior uncounselled misdemeanor convictions violated his sixth amendment rights.

The state filed two motions in district court in an effort to pretermit consideration of the merits of Marks's claim. First, not-

ing that the two challenged convictions occurred in 1964 and 1965, the state urged the court to dismiss Marks's petition for delay under Rule 9(a) of the rules governing § 2254 cases.[1] Alternatively, the state contended that Marks's failure to object at trial to admission of the two convictions as required by the Texas contemporaneous objection rule precludes federal habeas review. The district court embraced the state's Rule 9(a) position and dismissed the petition. We affirm that result, but our journey is along a different path.

On November 24, 1964, Marks was convicted of unlawfully carrying a prohibited weapon and was sentenced to 120 days in the Dallas County jail. On February 5, 1965, he was convicted of aggravated assault and sentenced to 180 days. Marks claims, and the district court found, that he did not have a lawyer at either of these proceedings.

Marks managed to avoid further entanglements with the law until 1976, when he was convicted of aggravated robbery. At the sentencing stage of his trial, Marks stipulated to the two prior convictions. He had told his attorney about the convictions but not that they were uncounselled. The attorney conducted no independent investigation concerning them. Marks was sentenced to prison for life.

## I. Rule 9(a)

Application of Rule 9(a) to the facts of this case poses several interesting questions. We begin with an analysis of the rule itself.

Rule 9(a) provides:

A [habeas corpus] petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond

to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

■ From this language it is clear that no matter how long after conviction a petition is filed it may not be dismissed absent a particularized showing of prejudice. *E.g., Paprskar v. Estelle,* 612 F.2d 1003, 1008 (5th Cir.), *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980); *Jackson v. Estelle,* 570 F.2d 546, 547 (5th Cir. 1978); *Neal v. Wainwright,* 512 F.Supp. 92, 94–95 n.3 (M.D.Fla.1981).[2] Prejudice will not be presumed.[3]

The "unless" clause of the rule is consistent with its equitable nature.[4] In effect, delay is excused if the petition is based on a change in the law or newly discovered evidence.[5] In such a case the state may not rely in its 9(a) motion on prejudice suffered during the period of "reasonable" delay.

With this background in mind, we address the specific questions raised by this appeal.

### A. Delay

■ Marks devotes his argument to the proposition that delay should be measured from his 1976 conviction because it is the sentence he received in that proceeding that he seeks to overturn. The state's position is that because the petition in effect challenges the validity of the '64 and '65 convictions delay should be measured from them.

As a general matter, the state is correct. We addressed this issue in *Baxter v. Estelle,* 614 F.2d 1030 (5th Cir. 1980), *cert. denied,* 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 810

1. These rules are codified at 22 U.S.C. foll. § 2254.

2. Rule 9(a) is not a statute of limitations. Rather, it is based on the equitable doctrine of laches, which requires the party seeking to set up the bar to demonstrate the injury he has suffered from the other party's delay. *See* Rule 9 advisory committee note.

3. Originally Rule 9(a) provided for a rebuttable presumption of prejudice if the delay was long-

er than five years. This provision was deleted in 1976. Act of September 28, 1976, Pub.L. No. 94–426, § 2(7), 90 Stat. 1334 (1976). *See La-Lande v. Spalding,* 651 F.2d 643 (9th Cir.), *cert. denied,* 452 U.S. 965, 101 S.Ct. 3119, 69 L.Ed.2d 978 (1981).

4. See note 2 *supra.*

5. See Rule 9 advisory committee note.

(1981). There the petitioner challenged sentences imposed under two convictions occurring in the seventies by alleging that a 1962 conviction used to enhance those sentences was invalid. We held that because the alleged defect in the later proceedings depended entirely on the propriety of the earlier one delay should be measured from 1962. *Id.* at 1034.

This logic is sound. It is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." *Sibron v. New York,* 392 U.S. 40, 55, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968). It stands reason on its head to allow challenges to ancient convictions, foreclosed for years by prejudice-causing delay, to receive new life from the occurrence of one such consequence. Yet this would be the result if we adopted the view espoused by Marks. We refuse to do so.

The district court's analysis and the principal arguments of the parties end here. But we must consider the effect of the second clause of Rule 9(a), which contemplates that a prisoner will not be charged with the delay in bringing a petition based on a change in the law until that change occurs. Marks's petition, which alleges that he was without counsel in two misdemeanor prosecutions in the mid-sixties, asserts a right that did not exist until 1972. In that year the Supreme Court, in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), extended the right to counsel to misdemeanor defendants for the first time. Before then Marks had no right to counsel, and his convictions were not constitutionally invalid.

We faced a situation similar to this one in *McDonnell v. Estelle,* 666 F.2d 246 (5th Cir. 1982). McDonnell sought to overturn a 1947 felony conviction that he claimed was uncounselled. The State of Texas conceded, and we found, that McDonnell's delay in seeking the Great Writ was excused from 1947 until 1963, when the Supreme Court handed down *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). 666 F.2d at 253.

Texas refuses to make a similar concession here, instead clinging to the precarious position that delay should be measured from the dates of the earlier convictions. In effect, the state argues that Marks should have brought *Argersinger* before *Argersinger* was brought—that he was bound to assert a constitutional right he didn't have. This would require a degree of diligence much higher than reasonable. Because the right to counsel for misdemeanor defendants did not exist until 1972, the reasonable diligence provision of Rule 9(a) excuses Marks's delay until then.

### B. Prejudice

Evidence of prejudice suffered by the state is manifest. The district attorney's records of the misdemeanor prosecutions were destroyed long ago. Court records of the proceedings have been lost or misplaced. An attorney who may have represented Marks in one or both of the trials has lost his files, and his memory has grown hazy. In short, the passage of time has made it impossible for the state to respond to Marks's claim that he had no lawyer.

But whether the state was prejudiced is not the issue here. Rather, the crucial question is when that prejudice occurred. Because Marks's delay was excused until *Argersinger,* the state's Rule 9(a) motion is meritorious only if it suffered some prejudice after the lapse of a reasonable amount of time for Marks to learn of that decision and act. *See McDonnell v. Estelle,* 666 F.2d at 253.

The state has not pinpointed any post-1972 instance of prejudice, arguing instead that Marks has the burden of proving that all prejudice occurred before 1972. This contention is based on the language of Rule 9(a), which permits dismissal "if it appears that the state ... has been prejudiced ... unless the petitioner shows that [his petition] is based on grounds of which he could not have had knowledge ... before the circumstances prejudicial to the state occurred." The state's position is that a necessary ingredient of such a showing is a demonstration of when the prejudice occurred.

This is not a proper construction of Rule 9(a). The state, which normally has far greater access to the facts, already must shoulder the burden of demonstrating that it has suffered actual prejudice from the petitioner's delay. When pertinent, the state should also be required to show when that prejudice occurred.[6]

This interpretation not only is consistent with the notion that burdens of proof normally should be allocated to the party with the more intimate knowledge of the facts, but it also comports with the intent of Congress. In 1976 a provision creating a presumption of prejudice in cases of petitions filed more than five years after conviction was deleted from Rule 9(a).[7] The legislative history makes clear the reason for the change.

> Those facts which make it difficult for the State to respond to an old claim (such as the death of the prosecutor) can readily be discovered by the State. It is not easy, in some cases not possible, for a prisoner to discover those facts that he would have to show in order to rebut the presumption of prejudice.

H.R.Rep.No.1471, 94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S.Code Cong. & Ad. News 2478, 2482 n.8.

█ In sum, the state has the initial burden of showing delay and prejudice. The burden then shifts to the petitioner to prove that for some period of the time between his conviction and seeking the writ he could not have had knowledge of the grounds his petition asserts. If such proof is made the state may then demonstrate that it has suffered some prejudice after that period. The state has failed to carry this latter burden here.[8]

## II. Failure to Object

█ We turn now to the state's contention that Marks's failure to object to the introduction of the two misdemeanor convictions at his 1976 trial precludes federal habeas review. Marks admits that he failed to object; in fact, he stipulated to the two prior convictions. Such a failure constitutes a waiver under the Texas contemporaneous objection rule. *See, e.g., Thomas v. Estelle,* 587 F.2d 695, 698 (5th Cir. 1979); *Heredia v. State,* 508 S.W.2d 629, 630 (Tex. Cr.App.1974). And this waiver makes Marks's claim unreviewable in a habeas proceeding unless he demonstrates "good cause" for the failure to object and "actual prejudice" resulting from introduction of the convictions. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).[9]

█ The focus here is on the "cause" prong of *Sykes.* The district judge found that Marks failed to inform his counsel in the 1976 prosecution that his two prior convictions were uncounselled. Marks nevertheless contends that his attorney's failure

---

**6.** In *McDonnell* we stated: "The state is in a far better position than is McDonnell to pinpoint the actual date of the records' destruction." 666 F.2d at 253–54. Thus we held that "[t]he state must prove that had McDonnell filed for relief within a reasonable amount of time after 1963, the records would have been available." *Id.* at 253.

**7.** See note 3 *supra.*

**8.** We have considered, but pretermit, an issue not raised by the parties—the standing of Marks to seek the writ after his misdemeanor convictions. We know in this case that Marks served two short jail sentences for his misdemeanor convictions. We do not know, however, whether he suffered any continuing legal disability, such as probation, after his release. Unless he did, he was not "in custody" and thus had no standing to seek the writ. *See Carafas v. LaVallee,* 391 U.S. 234, 237–240, 88

S.Ct. 1556, 1559–1560, 20 L.Ed.2d 554 (1968); *Steinberg v. Police Court,* 610 F.2d 449, 453 (6th Cir. 1979). It necessarily follows that if Marks had no standing to seek the writ he cannot be charged with delay for failing to do so. Because we have already disposed of the delay issue in Marks's favor, it is unnecessary to pursue this subordinate issue of standing.

**9.** The rationale of *Sykes* is that a procedural default such as that by Marks constitutes an independent and adequate state ground for the state court's decision, precluding federal habeas review of the petitioner's constitutional claim. To avoid operation of this general rule, the petitioner must demonstrate both "cause" and "prejudice." *Sykes* was reaffirmed recently in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

to conduct an independent investigation of the convictions satisfies the "cause" requirement. In effect, Marks argues that his counsel was ineffective in failing to conduct an examination and that this ineffectiveness is his "good cause."

In *Lumpkin v. Ricketts,* 551 F.2d 680 (5th Cir.), *cert. denied,* 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316 (1977), we rejected this argument, stating that "[t]his assertion . . . would effectively eliminate any requirement of showing cause at all. If a petitioner could not demonstrate any legitimate cause, he would only have to raise the spectre of ineffective assistance of counsel to get his challenge heard. This we refuse to sanction." *Id.* at 683. *Lumpkin* was reaffirmed recently in *Tyler v. Phelps,* 643 F.2d 1095 (5th Cir. 1981), *cert. denied,* 456 U.S. 935, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982), and again in *Washington v. Estelle,* 648 F.2d 276 (5th Cir. 1981), where we held that an allegation of ineffectiveness of counsel will not suffice to show "cause." *Id.* at 278.

The reasoning of these decisions is compelling. The sweeping interpretation of "cause" urged by Marks would render that prong of *Sykes* meaningless. We hold that Marks has failed to demonstrate "good cause" for his failure to object. The merits of his claim are thus unreviewable.

### III. Ineffective Assistance

■ In addition to contending that his counsel's failure to investigate the prior convictions constitutes "cause" under *Sykes,* Marks also alleges that his 1976 trial counsel was generally ineffective. But the district court found that the only credible support for this claim was the lack of an investigation. This singular failure, when viewed in light of the totality of the circumstances, *see, e.g., Washington v. Estelle,* 648 F.2d at 279, does not rise to the level of a sixth amendment violation. Although the assistance rendered by counsel may not have been perfect, it was "reasonably effective." *See, e.g., Hill v. Wainwright,* 617 F.2d 375, 380 (5th Cir. 1980). This is all the sixth amendment requires.

**10.** See note 2 *supra.*

### IV. Conclusion

We emphasize in closing that Rule 9(a) is not a strict statute of limitations. Its standards are flexible; equity is the goal.[10] But equity would not be served if we applied Rule 9(a) in the manner suggested by the state. It would be palpably unfair to require a habeas petitioner to assert a constitutional right before that right exists. We refuse to do so. Because Marks's right to counsel was not established until 1972, his delay until then cannot be counted against him. Because the state has failed to show that some prejudice occurred after that date, its Rule 9(a) motion is without merit.

In spite of this holding, Marks's habeas corpus petition must be denied. He did not object at trial to admission of his two prior convictions. He has failed to carry the burden imposed by *Sykes* of demonstrating "good cause" for that failure. Finally, Marks's claim that he was denied effective assistance of counsel is without merit. The decision of the district court is

AFFIRMED.