Prado McGEE, Jr., Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 81–1498.

United States Court of Appeals, Fifth Circuit.

May 9, 1983.

Opinion on Granting of Rehearing En Banc July 8, 1983.

James W. Rice, (Court-Appointed), Houston, Tex., for petitioner-appellant.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN and JOLLY, Circuit Judges, and MAHON *, District Judge.

* District Judge of the Northern District of Texas, sitting by designation.

E. GRADY JOLLY, Circuit Judge.

Prado McGee, Jr., an habitual criminal, is serving a life sentence in the state of Texas after his conviction in 1977 for a third degree felony enhanced by two prior felony convictions, in 1960 for theft and in 1969 for burglary.[1] McGee's conviction was affirmed by the Texas Court of Criminal Appeals in an unreported per curiam opinion. He then filed an application for a state writ of habeas corpus on the basis that his 1960 conviction was void for purposes of enhancement because he was denied assistance of counsel at the sentencing phase of that trial and was accordingly not advised of his right to appeal the conviction. McGee's application was dismissed by the state district court without prejudice on the grounds that he had not properly attested to his pleadings as required by the laws of Texas. McGee took no steps to correct this procedural defect in his application. The Texas Court of Criminal Appeals affirmed the dismissal on the same basis. Because McGee failed to properly attest to his state habeas petition,[2] no Texas court has reviewed the merits of his constitutional claims. Now seeking relief in the federal courts, McGee's appeal is from the denial by the district court of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

We vacate the district court's judgment and remand this case for dismissal of McGee's petition on the grounds that he has failed to give the state courts a fair opportunity to consider his constitutional claims and, by doing so, has failed to exhaust available state remedies.

## I.

On this appeal, McGee is contending that the life sentence he received upon his 1977 felony conviction is invalid because his 1960 felony conviction was constitutionally infirm and consequently could not be used for the enhanced sentence. He bases this claim on his contention that he was denied assistance of counsel at the punishment phase of his 1960 trial and was not advised of his right to appeal the conviction. McGee further argues that his counsel was ineffective during the punishment phase of the 1977 trial because he failed to object to the admission of the 1960 conviction into evidence.

In the proceedings below, the state answered the petition and moved to dismiss under Rule 9(a) of the rules governing § 2254 cases[3] on the grounds that McGee's inexcusable delay in challenging the constitutionality of the 1960 conviction prejudiced its ability to respond to the petition. On appeal, the state contends that it has been prejudiced because no transcript of the formal sentencing in 1960 is available and that the presiding judge at the 1960 trial is deceased.

## II.

The district court referred McGee's petition to a United States magistrate. Without conducting an evidentiary hearing, the magistrate filed his Findings, Conclusions and Recommendations. The magistrate recommended to the district court that the state's Rule 9(a) motion to dismiss be denied on the basis that:

> Furthermore, criminal trials are bifurcated. Tex.Penal Code Ann. § 37.07 (Vernon) (1974). After the determination of guilt, the jury is informed of circumstances affecting sentence and the jury, unless the defendant has elected to have the judge do so, assesses punishment. This sentencing proceeding where the state must prove beyond a reasonable doubt that prior convictions occurred is a part of the trial. Tex.Penal Code Ann. § 12.42 (Vernon) (1974).

1. In Texas, conviction of a felony after one or more prior convictions mandates that the sentence be increased or "enhanced" up to, and including, possible imposition of a life sentence. § 12.42(d) of the Texas Penal Code provides:

   (d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life.

   Tex.Penal Code Ann. § 12.42(d) (Vernon) (1974).

2. In filing his petition in the state district court, McGee was assisted by a writ preparer.

3. These rules are codified at 28 U.S.C. foll. § 2254.

The pertinent time frame by which [the state's] claim of undue delay must be measured began when [McGee's] 1960 conviction was used for enhancement in his 1977 trial. His conviction did not become final until November 5, 1978, and the expiration of less than two years between his final conviction and the filing of his application in the present cause fails to satisfy the undue delay requirement of Rule 9(a), *supra*. Therefore, [the state's] Motion to Dismiss on such grounds should be denied.

■ On this issue, the magistrate did not have the benefit of our recent decision in *Marks v. Estelle*, 691 F.2d 730 (5th Cir. 1982). Applying *Marks* to the facts of this case, it is clear that the pertinent time frame for measuring McGee's delay in challenging the constitutionality of his 1960 conviction does not begin on the date his 1977 conviction became final.[4]

Turning to McGee's claim concerning the constitutional invalidity of his 1960 conviction, the magistrate assumed, without deciding, that the 1960 conviction for enhancement purposes was harmless. He relied on this court's decision in *Webster v. Estelle*, 505 F.2d 926 (5th Cir.1974), where, in dicta, this court stated that "[w]here enhancement could have been based on other convictions, reliance on an invalid one is harmless." 505 F.2d at 931.[5]

With respect to McGee's claim that his counsel rendered ineffective assistance during the punishment phase of the 1977 trial by failing to object to the admission of the 1960 conviction, the magistrate again assumed that the 1960 conviction was constitutionally invalid. For the same reason that he concluded that any error in utilizing that conviction for enhancement purposes was harmless error, he concluded that

McGee had not suffered any actual prejudice as a result of the alleged omission of counsel. Accordingly, he recommended that this claim should also be denied.[6]

The district court adopted the Findings, Conclusions and Recommendation of the magistrate and denied McGee's habeas corpus petition.

## III.

Shortly after his state court conviction became final, McGee, with the aid of a writ preparer, filed a petition for habeas in the 195th Judicial District Court of Dallas County, Texas. In filing his petition, McGee did not verify or attest to the truth of the allegations made therein.

Under Article 11.07 of the Texas Code of Criminal Procedure as construed by Texas courts, a habeas petition is to contain sworn allegations of fact. *See Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App.1967). Because McGee's petition was not filed with the attestation required by Article 11.07, the state district court dismissed his petition without prejudice, citing Ex parte Young. The petitioner, in effect was told to comply with the state procedural requirements, was told where to find them, and was told in effect that the petition could be resubmitted in state district court if properly filed.

This was not done. Instead, an appeal was taken to the Texas Court of Criminal Appeals which, without written opinion, affirmed the district court's dismissal of McGee's petition. As far as the record shows, no effort was ever made by McGee to comply with Article 11.07. Because of his failure to file his petition in a procedurally correct manner, no court in the State of Texas has had an opportunity to pass upon the constitutional claims raised by McGee in

4. We note in passing that the record in this case is inadequate for an evaluation of whether prejudice has accrued to the state on account of McGee's delay.

5. The basis for the magistrate's conclusion was eliminated by this court's decision in *Bullard v. Estelle*, 665 F.2d 1347, 1366 n. 36 (5th Cir. 1982), vacated and remanded, —— U.S. ——, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983). In

that case, this court held that reliance on an invalid conviction for enhancement purposes could no longer be considered harmless error. The vacating order of the Supreme Court suggests that the result we reached should be reached under the Texas constitution rather than the federal Constitution.

6. See note 5, *supra*.

his § 2254 petition. As a result, McGee failed to exhaust his available state remedies.

As earlier noted, McGee alleges as his basis for relief that the 1960 conviction introduced to enhance his 1977 sentence was constitutionally invalid. In its Answer and Motion to Dismiss in the district court below, the state asserted that it "believe[d] that the petitioner has sufficiently exhausted his available state remedies." In the same pleading, however, the state averred that McGee was barred from raising the invalidity of the 1960 conviction because he raised no objection to the admission of this conviction when it was introduced during the punishment phase of his 1977 trial. Because it is the rule in Texas that failure to object to the admission of prior convictions bars appellate or collateral review,[7] the state urged that an application of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) precludes federal habeas review of McGee's constitutional claims absent a showing of cause for the failure to object and actual prejudice resulting therefrom.

### IV.

■ The threshold issues presented here are whether the requirement of exhaustion of the remedies available in state court set forth in 28 U.S.C. § 2254(b), has been met by McGee and, if not, whether the state has waived his failure to exhaust those remedies. The exhaustion doctrine requires that a state prisoner's constitutional claims first be presented to the state courts. For a claim to be exhausted, the state courts must have been apprised of the facts and the legal theory upon which the petitioner bases his assertion. The state courts must have been given a fair opportunity to pass upon those claims. *Anderson v. Harless*, —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Brown v. Allen*, 344 U.S. 443, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953).

■ If a petitioner wishes to exhaust his constitutional claims, he is expected to present them before the state courts in a procedurally correct manner. If he fails to do so, he has failed to give the state a fair opportunity to pass upon those claims and, as a result, has failed to meet the requirements of exhaustion. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982); *Brown v. Estelle*, 530 F.2d 1280 (5th Cir.1976).

■ This requirement that a petitioner should follow state procedural rules in order to properly exhaust his claims is not an inflexible one. However, there is no indication in this case that the Texas state court's application of its laws requiring attestation of McGee's petition was unfair or put an undue burden upon him. It would have been a very simple procedure for him to comply and properly attest to his petition. In doing so, he would have placed it before the state court for consideration on its merits. By failing to do so and by thus not giving the state a fair opportunity to pass upon his constitutional claim regarding his 1960 conviction, McGee failed to satisfy exhaustion requirements.

Thus we must next consider whether the state has waived his failure to exhaust available state remedies and, by doing so, allowed us to pass upon the merits of his claim. The exhaustion-of-state remedies requirement was first articulated by the Supreme Court in the case of *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). There, a state defendant sought habeas in advance of trial on a claim that he had been indicted under an unconstitutional statute. The writ was dismissed by the district court, and the Supreme Court affirmed, stating that while there was power in the federal courts to entertain such petitions, as a matter of comity they should usually stay their hand pending consideration of the issue in the normal course of the state trial.

Making it clear that comity was the basis for the exhaustion doctrine and its require-

---

7. *Wright v. State*, 511 S.W.2d 313 (Tex.Cr.App. 1974); *Ex parte Gill*, 509 S.W.2d 357 (Tex.Cr. App.1974); *Olson v. State*, 505 S.W.2d 895 (Tex.Cr.App.1974).

ment that federal courts should not consider a claim in a habeas corpus petition until state courts have had a fair opportunity to pass upon it, the Supreme Court has said that

> it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity for the state court to correct a constitutional violation.... Solution was found in the doctrine of comity between courts, a doctrine which teaches us that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Darr v. Buford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950).

■ The exhaustion requirement therefore is clearly, though not solely, a rule of comity. "Comity" in this context, is that measure of deference and consideration that the federal judiciary must afford to the co-equal judicial systems of the various states. It is a sensitive respect for the capacity of a coordinate judicial system. The requirement also rests upon considerations of practical efficiency. The issues presented often concern local attorneys and court personnel, and arise in a context of local procedures and practices with which state courts are familiar. They may be resolved most effectively by those tribunals. The requirement serves the interests of the federal courts. "Indeed, any other rule would visit upon the federal courts an impossible burden, forcing them to supervise the countless state criminal proceedings in which deprivations of federal constitutional rights are alleged." *Wade v. Mayo,* 334 U.S. 672, 679–680, 68 S.Ct. 1270, 1274, 92 L.Ed. 1647 (1948). The requirement also rests upon a regard for the rights of the prisoner. Courts of the state may deal with the substance of claims of unfairness in state proceedings free of the jurisdictional restrictions which bind federal courts, and grounds for relief may be found to exist far short of a determination that federal constitutional rights have been violated. Thus

state court proceedings may afford a more generous protection of the accused, and at the same time render unnecessary the decision of difficult issues of federal constitutional law.

Having its basis partly in comity, the exhaustion doctrine recognizes that federal intrusions into the state court system frustrates both the state's sovereign power to punish offenders and their good faith attempts to honor constitutional rights. In addition, it allows state appellate courts the chance to mend their own fences and avoid federal intrusion, and it allows the states the ability to enforce its procedural rules.

Decisions of the Supreme Court, beginning with *Picard v. Connor, supra,* have had a substantial impact upon the exhaustion requirement. *Picard,* held that every claim raised in a federal habeas petition must have been fairly presented to the state courts. Before the *Picard* decision, federal habeas petitioners could satisfy the exhaustion requirement by simply pointing to a prior trip through state post-conviction processes, without regard to whether all of their claims had been decided by the state courts. Recently in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Court, stating that the exhaustion doctrine is principally designed to protect the state courts' role in enforcement of federal law and prevent disruption of state judicial proceedings, held that a federal district court must dismiss a state prisoner's habeas corpus petition containing both unexhausted and exhausted claims.

■ In some circumstances, however, it is proper for federal courts to entertain claims which are technically unexhausted. In that connection, this court has held that the waiver of exhaustion certainly may be accepted when explicitly made. *Robinson v. Wade,* 686 F.2d 298 (1982); *Felder v. Estelle,* 693 F.2d 549 (5th Cir.1982). We have also implied the waiver of exhaustion where the state fails to assert that state remedies remain untried. *Hopkins v. Jarvis,* 648 F.2d 981 (5th Cir.1981); *Messelt v. Alabama,* 595 F.2d 247 (5th Cir.1979). The

exhaustion doctrine, however, requires this court to carefully scrutinize each case to assure itself that the state's actions support a waiver by the state of the exhaustion requirement. To do otherwise, would constitute a failure on our part to assure that those principles, especially those of comity, upon which the exhaustion doctrine is based are respectfully observed. We would be ignoring the important role the exhaustion doctrine has assumed in the maintenance of a proper balance between the national and state governments in our federal system.

## V.

■ Here, there has been no explicit waiver by the state of the exhaustion requirement. At the district court level, the state merely stated in its Answer and Motion to Dismiss that it "believed" that McGee had exhausted available state remedies. On the other hand, in that same pleading it raised the procedural default doctrine enunciated in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In the circumstances of this case, by pleading the applicability of *Sykes,* the state obviously demonstrated its intention not to waive the exhaustion requirements in this case. This is true since we ordinarily cannot apply a *Sykes* bar to habeas relief absent the state court's prior application of it as a bar. *See Moran v. Estelle,* 607 F.2d 1140 (5th Cir.1979). Here, of course, the state has had no opportunity to apply its contemporaneous objection rule to the claims the petitioner raises. The state would never have such an opportunity if we find a waiver of the exhaustion requirement in these circumstances and its plea made here for the application of the procedural bar would become nothing more than arms flailing the air.

Under these circumstances, we are unable to say that the state has waived McGee's failure to exhaust available state remedies.

To hold waiver of exhaustion in the absence of a clear waiver by the state would be to disregard those principles of comity upon which the exhaustion doctrine is based and seeks to assure.

■ Finally, we note that the principles of comity and federalism, upon which the exhaustion doctrine is based, would be disserved if federal courts completely placed in either the state court's hands or the state's hands the absolute right to waive exhaustion. This is true because the federal courts have a real interest, if not duty, in observing these principles, and in seeing that they are observed. If we were to abdicate our interests in this area, there would be nothing in the final result to prevent the state and its courts from turning over to us all responsibility in determining the constitutional habeas rights of its prisoners. We should not allow even the shadow of such a result to threaten the federal courts' strong interest in preserving those principles upon which the exhaustion doctrine is based. *See Wade v. Mayo, supra.*

For the foregoing reasons, we vacate the judgment of the district court. McGee's failure to exhaust available state court remedies require us to remand this case to the district court with instructions that his § 2254 petition be dismissed without prejudice.

VACATED AND REMANDED.

MAHON, District Judge, concurring in part and dissenting in part:

I join the opinion of the Court concerning the two substantive issues presented and would remand the case on these issues; however, I do not join in the opinion as to the doctrine of exhaustion nor remand for failure to exhaust.

*Remand to the District Court*

Absent the majority remand for failure to exhaust state remedies, the case still should be remanded.

Initially, the case should be remanded so the district court may consider whether denial of respondent's Rule 9(a) motion for dismissal was proper in view of the November 15, 1982 decision in *Marks v. Estelle,* 691 F.2d 730 (5th Cir.1982). As footnote 4 suggests the appellate record is inadequate for an evaluation.

In the event respondent's Rule 9(a) laches motion is denied, the case also should be remanded for consideration by the district court of the issues of:

1. whether the 1960 theft conviction was constitutionally infirm; and

2. ineffective assistance of counsel in the 1977 conviction

in keeping with this Court's decision in *Bullard v. Estelle,* 665 F.2d 1347 (5th Cir.1982).[1]

*Exhaustion is Equitable Discretion*

The key to the doctrine of exhaustion of state remedies prior to resorting to the federal courts is understanding the ground upon which the doctrine is based—jurisdictional or equitable discretion. The court in *Hairston v. State of Alabama,* 465 F.2d 675, 679 (5th Cir.1972) held:

In the first place, the exhaustion principle is one of comity, not jurisdiction....

This court speaking through Judge Thornberry in *Felder v. Estelle,* 693 F.2d 549, 551, 552, 554, 555 (5th Cir.1982) held that the doctrine of exhaustion is rooted in comity and is a question of equitable discretion not of federal power.

The doctrine of exhaustion is rooted in considerations of federal-state comity. "[T]he exhaustion requirement is an accommodation of the federal system to give the state the initial opportunity to decide (and correct if need be) alleged violations of federal constitutional rights.... The exhaustion rule does not relate to the jurisdiction of the federal court but rather addresses the appropriate exercise of that jurisdiction in light of our unique American system of dual sovereignty...." ("[i]n deciding whether the merits ... are properly before us, we must be mindful that the question is not one of federal power, but of equitable discretion"). *See generally* 17 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4264 (1978); Developments, Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1093–94 (1970).

The nature of the exhaustion requirement is clearly relevant to the issue of whether it can be waived. "If exhaustion goes to the jurisdiction of the federal court, then the state could not waive it any more than a party can waive any other jurisdictional requirement." Wright, Miller & Cooper, *supra,* at 652. Exhaustion, however, is not a question of subject-matter jurisdiction, and a court of appeals need not raise it sua sponte. *Hopkins v. Jarvis,* 648 F.2d 981, 983 n. 2 (5th Cir.1981)....

. . . .

In *Houston v. Estelle,* 569 F.2d 372 (5th Cir.1978), the State explicitly stated at the trial that it had no objection to the defendant's failure to exhaust state remedies. The district court reached the merits in that case. On appeal, counsel for the State conceded that the State was satisfied with the procedural posture of the case. This court held: "Since the exhaustion requirement is non-jurisdictional, it may be waived by the State, and we may give consideration to the expenditure of federal judicial resources below.... [T]he State has never even made the argument which prevails, if at all, only as a matter of comity and has instead acquiesced in the expenditure of substantial resources in litigating the merits. In these circumstances, we hold that Houston's claim is properly before us. To hold otherwise ... would be to elevate a rule of equitable discretion into one of jurisdiction." 569 F.2d at 375–76 (citations omitted) (footnote omitted).

. . . .

We conclude that this analysis applies equally to the federal habeas proceeding before us. As in [*Ohio Bureau of Employment Services v.*] *Hodory* [431 U.S. 471, 97 S.Ct. 1898, 52 L.Ed.2d 513], *supra,* the State has chosen a federal forum because it explicitly wishes to avoid lengthy and protracted state judicial proceedings. We see no reason why a federal court, in the name of comity, should refuse to abide by the State's wishes. This conclusion is supported by our analy-

---

1. See footnote 5, *supra.*

sis of the doctrine of comity as applying to proper relations between sovereign states, rather than between judicial systems. (footnote omitted).

The recent Supreme Court holding in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), as well as the policies outlined in *Galtieri* [*v. Wainwright,* 582 F.2d 348 (5th Cir.1978)], do not mandate a different conclusion. Neither *Lundy* nor *Galtieri* addressed or even contemplated the issue of waiver by the state. We agree with Professors Wright, Miller and Cooper that "[t]he policies that the exhaustion rule serves are important ones, .... [But a court] need not make a fetish of exhaustion." 17 Wright, Miller & Cooper, *supra,* at 653–54.

We hold that the state may explicitly waive the exhaustion requirement in federal habeas corpus proceedings under 27 U.S.C. § 2254.

. . . .

Judge Higginbotham in his concurring opinion at page 555 notes:

No one here suggests that the Attorney General of the State of Texas is unauthorized by Texas law to express the state sovereign's decision. The existence of authority to decide is a relevant inquiry, but it is one thing to ask who speaks for the state, and quite another to say that no one may or that the state cannot decide who may. Nor can it be an answer then to suggest that permitting waiver would allow the state to bypass its own courts to the "detriment of comity." That approach confuses the means of expressing comity with the essence of comity itself. It is a confusion that timidly refuses to give comity full expression and in doing so strikes at its heart. That is, it undertakes to accept its legitimacy, yet denies its force—namely the sovereign right of a state to decide how, within constitutional limits, it will enforce its

police power. It equally follows that to read *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), as requiring a contrary result achieves a perverse, and I think unintended, result.

The majority opinion erroneously raises the doctrine of exhaustion from equitable discretion to a jurisdictional matter when it states:

.... The exhaustion doctrine requires that a state prisoner's constitutional claims first be presented to the state courts....

. . . .

The exhaustion requirement therefore is clearly, though not solely, a rule of comity....

. . . .

Having its basis partly in comity, the exhaustion doctrine recognizes that federal intrusions into the state court system frustrates both the state's sovereign power to punish offenders and their good faith attempts to honor constitutional rights....

The majority opinion cites no authority for this proposition, nor has such authority been found, but rather numerous Fifth Circuit cases were found holding either expressly or by implication that the exhaustion requirement is a matter of comity, rather than a jurisdictional requirement.[2]

*Rule 5*

The legislative history of Section 2254 contains no reference to state waiver of the exhaustion requirement; accordingly, analysis of the policies underlying the statute is necessary to decide when exhaustion should be required. *Rose v. Lundy,* 455 U.S. 405, 102 S.Ct. 1198, 1202–03, 71 L.Ed.2d 379 (1983).

Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts provides in keeping with Section

---

**2.** *Burns v. Estelle,* 695 F.2d 847 (5th Cir.1983); *Felder v. Estelle,* 693 F.2d 549 (5th Cir.1982); *Carter v. Estelle,* 677 F.2d 427 (5th Cir.1982); *Barksdale v. Blackburn,* 670 F.2d 22 (5th Cir. 1982); *Bufalino v. Reno,* 613 F.2d 568 (5th Cir.1980); *Grooms v. Wainwright,* 610 F.2d 344 (5th Cir.1980); *Stinson v. State of Alabama,* 585 F.2d 748 (5th Cir.1978); *Houston v. Estelle,* 569 F.2d 372 (5th Cir.1978); *Hairston v. State of Alabama,* 465 F.2d 675 (5th Cir.1972); and *Pate v. Holman,* 343 F.2d 546 (5th Cir.1965).

2254(b) that the respondent shall answer the allegations of the petition and

> .... shall state whether the petitioner has exhausted his state remedies....

The Advisory Committee Note states this requirement was on the attorney generals of the respective states because such official

> .... has both the legal expertise and access to the record and thus is in a much better position to inform the court on the matter of exhaustion of state remedies....

The highest elected attorney of the state has pursuant to legislated rule answered that he believes the petitioner has exhausted his state remedies. Neither party has raised the question of exhaustion.

Judge Thornberry in *Felder v. Estelle, supra* points out at page 550 that the Congress probably never considered this problem. With thirty-five years of experience and perfect hindsight, the second sentence of Rule 5 of said Section 2254 Rules might better be stated:

> In addition, the attorney general on behalf of the state shall answer the following questions: (1) does the state assert that the petitioner has failed to exhaust his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also his right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceeding and (2) if a failure to exhaust is claimed, does the state (a) waive the failure to exhaust, or (b) seek under comity a dismissal for failure to exhaust.

The problem stems from a failure of the present said Rule 5 to require the state to make an explicit statement concerning waiver of exhaustion. Adoption by this Court of a requirement encompassing the above suggested language would foreclose problems concerning state waiver under the doctrine of exhaustion by requiring that waiver of exhaustion be explicitly made. The most recent case concerning the requirement of exhaustion of state remedies by this Court, although not completely analogous, supports the position taken in this dissent. *Brown v. Estelle*, 701 F.2d 494 (5th Cir.1983).

Clearly, neither party seeks the result of the majority opinion.

This court in *Barksdale v. Blackburn*, 670 F.2d 22, 24 (5th Cir.1982), *cert. denied*, 457 U.S. 1109, 102 S.Ct. 2912, 73 L.Ed.2d 1319 (1982) in addressing the same point holds that actual consideration by the state courts is irrelevant when the state's chief lawyer states that he thinks the petitioner has exhausted.

*Rose v. Lundy*

The opinion in *Rose v. Lundy, supra*, provides the proper mode of analysis only when the state has raised the exhaustion issue. *Barksdale v. Blackburn, supra*. Thus in a *Rose v. Lundy* fact situation, remand for failure to exhaust when shown is mandatory.

Failure by the state to raise a lack of exhaustion of state court remedies ordinarily constitutes a waiver of a request for comity. *Houston v. Estelle*, 569 F.2d 372, 375 (5th Cir.1978). It is inappropriate in all except the rare case bordering on wilful deception of the court for an appellate court to raise the question of exhaustion sua sponte, since any other holding would be to dogmatize the equitable discretion of comity to a jurisdictional level. See *Grooms v. Wainwright*, 610 F.2d 344, 347 (5th Cir.1980); *Mixon v. United States*, 608 F.2d 588 (5th Cir.1979). In this case, the state acting by and through her highest elected lawyer has never even asked for dismissal for failure to exhaust, but rather has acquiesced in the expenditure of substantial resources in litigating the merits. *Houston v. Estelle, supra* at 376.

*Federal Judicial Resources*

The opinions in *Felder v. Estelle, supra* and *Houston v. Estelle, supra* each develop that consideration should be given to the expenditure of federal judicial resources at the district and appellate levels. If the state does not raise exhaustion but rather states exhaustion exists and acquiesces in the expenditure of substantial resources in litigating the case, neither the district nor appellate court should raise the question of exhaustion of state remedies unless a fraud is being perpetrated on the court. To hold otherwise constitutes a holding that the attorney general is not qualified to represent the state, is a thwarting of federal-state comity, and as a practical matter adds a requirement for both the district and the appellate courts to go behind the respondent's declaration of exhaustion resulting in considerable additional time to the handling

of each 2254 case at the district and appellate court level, where the respondent states that the petitioner has exhausted his state remedies.[3]

The panel is unified that guidance is needed where the respondent states exhaustion is satisfied but such statement is less than an explicit waiver. Our difference lies in the means of precluding the problem in the future.

In summary, the doctrine of exhaustion is rooted in comity and is a matter of equitable discretion. *Rose v. Lundy, supra* provides the proper mode of analysis when the state raises the exhaustion issue. The exhaustion requirement is non-jurisdictional and may be waived by the state. Raising the doctrine of exhaustion sua sponte is inappropriate for either the district or appellate court.

## SUGGESTION FOR REHEARING EN BANC

Before CLARK, Chief Judge, BROWN, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY and HIGGINBOTHAM, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc.

IT IS ORDERED that the cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.

---

**3.** The majority laudably seeks resolution of state habeas issues, where the respondent states exhaustion is satisfied but such statement is less than an explicit waiver, upon practical efficiency and correctly concludes this is best accomplished in the state courts.

The state has made an exhaustion statement that is less than an explicit waiver, but has not sought a return to the state courts.

The plurality opinion elevating exhaustion from equitable discretion to jurisdiction disregards comity and imposes on both the federal district and appellate courts in habeas cases with an exhaustion statement less than explicit the burden to determine whether the state attorney general accurately expressed the state's sovereign decision on exhaustion. A needless increase in the workload of both the federal trial and appellate courts will occur.