PAUL ALBERT PATTERSON V. STATE

No. 32,087. June 15, 1960

Motion for Rehearing Overruled October 12, 1960

*Brown & Shuman,* by *Clifford W. Brown,* Lubbock, for appellant. *William J. Gillespie,* County Attorney, *J. Q. Warnick, Jr.,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for driving while intoxicated; the punishment, 20 days in jail and a fine of $50.

It is undisputed that the appellant on March 3, 1959, was driving an automobile upon a public highway at the time and place alleged.

Two officers testified that they saw the appellant immediately after he had stopped his automobile, heard him talk and observed him walk, smelled the odor of alcohol on his breath, and expressed the opinion that he was then intoxicated.

Appellant testifying in his own behalf stated that he had a normal drink of whiskey at 3:00, 4:00, 7:00 and 10:30 P.M. before his arrest about 1:15 A.M., but that he was not intoxicated. The operator of a service station testified that the appellant came to his station about midnight and remained until about 1:10 A.M. and that in his opinion he was not intoxicated.

The jury resolved the disputed issue of intoxication against the appellant, and the evidence is sufficient to support their verdict.

Appellant contends that the trial court erred "in permiting the state in the guise of impeachment to inquire into the details of a prior felony conviction of the defendant and to inqure into the details of previous misdemeanor convictions which did not involve moral turpitude and by this cross-examination to bring to the attention of the jury generally inadmissible evidence relating to prior convictions of the defendant which were not properly admissible and which served only to convince the jury that the defendant was a criminal generally."

The record shows the following: The appellant on direct examination testified that the first officer who approached his car was very belligerent, told him to get out of the car and before he could get out, the officer jerked the door open and grabbed him by the arm and pulled him out. In a short time, with each officer holding an arm they forced him into a patrol car. "When I say forced me, I mean they — they got a special way all of their own of making you want to go." On cross-examination the appellant was asked: "You said the police have a special way all of their own of making people do things. * * * What do you mean by, 'the police have a special way' "? Appellant replied: "Well, when they grab hold of your arms and pin your arms behind you and start pushing you, two big men, one on each side of you, they are going to push you to go. You are going to go." Following this testimony appellant was asked: "You know about these things, don't you, Mr. Patterson (appellant), because you have had quite a bit of experience with the police?"

To the last question the appellant objected on the ground that it was asked in bad faith; that it was not proper cross-examination or test of the credibility of the witness; and moved for a mistrial. The court promptly sustained the objection and instructed the jury not to consider the question and refused the motion for mistrial.

The testimony of the appellant immediately preceding the question complained of as well as his testimony that followed furnished sufficient basis for the question. However, the examination was improper and the question should not have been asked. But in view of the record and the prompt action of the court in sustaining the objection and instructing the jury not consider it no reversible error is shown in refusing a mistrial.

Next the state asked and the appellant admitted that he had been convicted of a felony in California and was assessed a two year sentence. When ask if the California sentence was for 14 years instead of two appellant explained that he thought the question inquired about how long he served which was 2 years.

The testimony showing appellant's conviction for a felony was admissible. Art. 732a V.A.C.C.P. No details of the California offense were shown. The testimony about the extent of the punishment assessed shows no error.

On questioning the appellant further he denied that he had been convicted in Florida in 1954 for failing to register as a criminal for which he received a 30 day sentence. After appellant answered the above question he objected to the question which was sustained and no further objection or request was made. In this there is no error.

At this time appellant's attorney asked "Have you ever been convicted," and appellant answered: "I plead guilty to drunk here one time." Then the state asked: "Any others, Mr. Patterson (appellant) ?" To which he replied: "Not that I can think of just offhand, no, sir. I did have a disorderly conduct one time."

At the request of the appellant the court orally instructed the jury that the offenses of drunkenness and disorderly conduct could not be considered by them in determining his credibility as as a witness.

Appellant brought the offense of drunkenness and disorderly conduct into the case. Hence he cannot complain that the jury was informed thereof. Banks v. State, 165 Tex. Cr. Rep. 290, 306 S.W.2d 908.

The state's examination of the appellant continued with the following question: "On the 24th day of June, 1959, in Lubbock County, were you not convicted of swindling by worthless check?" To which appellant objected on the ground that it was improper to attack his credibility with something that occurred after the date of the offense for which he was on trial. The objection was overruled and exception was reserved. Then appellant answered that "on that particular day, I plead guilty to an offense and was fined for it and I have a receipt to show that I had already paid that check off before - -."

When the accused becomes a witness in his own behalf he

may be cross-examined and impeached as any other witness, except that no statement made by him while under arrest may be used to impeach him unless it complies with Art. 727 V.A.C.C.P. 45 Tex. Jur. 212, Sec. 309.

A witness may be impeached by a showing that at sometime *previous to the trial* he has been convicted of a felony or an offense involving moral turpitude. 45 Tex. Jur., 101, Sec. 240; Art. 732a V.A.C.C.P.

Swindling is an offense involving moral turpitude. Sherman v. State, 124 Tex. Cr. Rep. 273, 62 S.W.2d 146.

It is contended that the trial court erred ·in refusing a mistrial because two state witnesses talked with the jurors after the close of the evidence and before the jury argument in the case.

This is a misdemeanor case in which the court had permitted the jury to separate before the verdict. The testimony of the two witnesses on the motion for mistrial shows that they talked with two jurors in the hallway outside the courtroom for three or four minutes and that they did not talk about the case on trial. Art. 669 V.A.C.C.P. authorizes the court in its discretion to permit the jury in misdemeanor cases to separate before the verdict. No showing was made that the jury were guilty of improper conduct. No error is shown. Royal v. State, 165 Tex. Cr. Rep. 607, 310 S.W. 2d 71.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Opinion approved by the Court.