**Joe Acy OLSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47555.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Weldon Holcomb, Tyler, for appellant.

Curtis Owen, Dist. Atty., Pete Menefee, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated on a plea of not guilty before a jury; the punishment, assessed by the jury, $100 fine and one year in jail.

No question is raised as to the sufficiency of the evidence. Appellant did not testify.

■ Appellant's first contention is that the court erred in asking counsel in the presence of the jury, after a verdict of guilty and while the court was preparing a charge to the jury on the punishment phase of the trial, if he had any objection to the jury going into the hall while the charge was being prepared. To this question appellant's retained counsel replied, "No objection."

Article 35.23, Vernon's Ann.C.C.P., in part provides:

> "In misdemeanor cases the court may, at its discretion, permit the jurors to separate at any time before the verdict."

This provision permits the separation in a driving while intoxicated case. Patterson v. State, 170 Tex.Cr.R. 84, 338 S.W.2d 469. The consent of appellant or his counsel was not required. It was not shown that the jury actually separated, only that they were allowed to go into the hall, and there is nothing to show any harm suffered by appellant by the asking of this question.

The rule in felony cases is not applicable in misdemeanor cases.

We overrule appellant's first contention.

After the jury found appellant guilty at the punishment phase of the trial before the jury, the State offered in evidence and

the court admitted over objections hereafter stated the following: Certified copies of complaint, information and judgments reciting pleas of guilty and convictions in the County Court of Smith County of the appellant for the offenses of driving a motor vehicle on a public highway while intoxicated in the following instances:

No. 7900. Judgment dated Dec. 26, 1945, punishment $50 and costs, driver's license suspended 6 months.

No. 8025. Judgment dated Sept. 14, 1946, punishment $50 fine and costs, driver's license suspended 6 months.

No. 12572. Judgment dated December 8, 1956, punishment $100 fine and 3 days in jail, license suspended 6 months.

No. 14625 in the District Court, a felony for the subsequent offense of driving a motor vehicle on a public highway while intoxicated. The judgment recited his attorney, Truman Warren, appeared, that after being duly admonished the appellant plead guilty, that he was found guilty and placed on probation for 5 years. This was on June 14, 1949.

The State proved that when arrested appellant had in his possession his driver's license No. 5241599. Additionally, the State offered and the court admitted a certificate from the Department of Public Safety, by Ray Sundy, manager of the Driver and Vehicle Division, showing that this driver's license was first issued to Joe Acy Olson, on October 31, 1960, described as a white male, blue eyes, born on January 2, 1919, address 215 N. Edwards, Tyler, Texas, which certificate recited the convictions of appellant described above by court and case number, and the suspensions of driver's license heretofore set out.

This certificate was authorized and made admissible by Art. 3731a, Vernon's Ann.Civ.St., and Art. 6701h, Sec. 3, R.C.S.

Aside from general objections, we construe the objections to the documentary evidence to be essentially these: (1) That the evidence was insufficient to show that appellant was the same person convicted in the former cases; (2) That the convictions were too remote; and (3) That they were void because it was not shown that appellant had counsel when he plead guilty.

■ (1) The evidence of the number of his driver's license, and such a certificate from the Department of Public Safety as was admitted in the case at bar, was held sufficient prima facie proof of appellant's identity in Rice v. State, 163 Tex. Cr.R. 367, 292 S.W.2d 114; Riley v. State, Tex.Cr.App., 406 S.W.2d 438.

■ (2) Article 37.07, Sec. 3, V.A.C. C.P., authorizes proof of the criminal record of an accused after a verdict of guilty. There is no limitation as to remoteness. Schreiner v. State, Tex.Cr.App., 478 S.W.2d 460; Lott v. State, Tex.Cr. App., 480 S.W.2d 743; Nichols v. State, Tex.Cr.App., 494 S.W.2d 830.

■ (3) Appellant relies upon Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L. Ed.2d 319, to sustain his contention that the former convictions are silent as to whether appellant had counsel. We do not deem *Burgett* to be controlling here. In the felony conviction, the judgment recites that appellant's counsel appeared with him when he plead guilty. In the misdemeanor cases, the records do not recite the presence of counsel. There was no objection or showing that the appellant actually did not have counsel, that he was indigent, or that he did not waive counsel or choose to appear without counsel. Hence, he does not bring himself under *Burgett*. Taylor v. State, Tex.Cr.App. 470 S.W.2d 663; Lott v. State, Tex.Cr.App., 480 S.W.2d 743; Boss v. State, Tex.Cr.App., 489 S.W. 2d 580; Clark v. State, Tex.Cr.App., 496 S.W.2d 83.

We find no merit in these contentions.

The judgment is affirmed.

Opinion approved by the Court.