Mark Douglas **RIDLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 57272.

Court of Criminal Appeals of Texas, Panel No. 2.

July 11, 1979.

Michael Greenberg, Irving, for appellant.

Henry Wade, Dist. Atty. and T. Michael Sutton, Asst. Dist. Atty., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of misdemeanor theft; the pun-

**632**

ishment is confinement in the county jail for thirty days and a fine of $175, probated.

Substantial questions are presented in this appeal; several questions concern a written statement purportedly made by the appellant to a security officer. The trial court held a hearing to determine whether the statement was admissible before the jury. One of the grounds of error urged by the appellant is that the court made no written findings of fact and conclusions of law as required by Art. 38.22, V.A.C.C.P. The State's only response to this ground of error is that the trial court's findings of fact and conclusions of law regarding the admissibility of the statement are included in a supplemental transcript.

We cannot consider the supplemental transcript since it is not properly before us. The supplemental transcript is a two page instrument entitled Findings of Fact and Conclusions of Law. This instrument bears only the trial judge's signature and the file mark of this Court. This instrument was not filed in the papers of the trial court. See Art. 38.22, V.A.C.C.P. and Art. 40.09, V.A.C.C.P. It does not appear that the transcript was forwarded to this Court by the office of the Clerk. The provisions of Art. 40.09, V.A.C.C.P. have been wholly ignored and there is no indication that appellant's counsel has been properly notified of the attempt to make this instrument a part of the record.

This appeal is abated for the trial court to properly supplement the record, *Quinn v. State,* 558 S.W.2d 10 (Tex.Cr.App.1977), and to take whatever action may properly be taken in accord with Art. 40.09, V.A.C.C.P.

It is so ordered.