Kenneth Michael BATTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00386–CR.

Court of Appeals of Texas,
San Antonio.

June 20, 1984.

George Scharmen, San Antonio, for appellant.

Bill White, Dist. Atty., Miguel Rodriguez, John J. Horn, III, Asst. Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and TIJERNIA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for robbery. *See* TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1974).

Appellant pled not guilty. In a bench trial he was found guilty as charged in the indictment and his punishment assessed at four (4) years' confinement.

On January 11, 1984, we abated this appeal with instructions to the trial court to include certain exhibits in the record by way of supplemental transcript. The supplemental statement of facts filed in this Court, pursuant to our order, reflects that the trial court has been unable to locate the missing exhibits as of this date, but that they were stipulated to and introduced into evidence at trial. We reinstate the appeal and determine appellant's grounds of error on the record before us as supplemented.

Appellant presents us with three grounds of error, namely: (1) that the trial court erred in assessing punishment; (2) that the evidence is insufficient to support the conviction; and (3) that the trial court erred in overruling his motion to suppress identification testimony. We affirm.

In his initial ground of error appellant contends that the trial court erred in sentencing him because it considered the parole process before assessing his punishment in violation of the separation of powers doctrine. In support of his contention he argues that "the trial court exceeded his [sic] proper allocation of power under the Texas Constitution when his [sic] consideration 'that Mr. Batts will serve most of his sentence on parole' led him to impose a sentence that was more severe than even the State's recommendation of punishment."

■ It is well settled that the burden was on appellant to show that he objected and that the trial court "relied on or even considered" improper evidence in determining punishment. *Angelle v. State*, 571 S.W.2d 301, 303 (Tex.Crim.App.1978). We conclude that appellant did not sustain his burden.

■ The record reflects that the trial judge did mention the parole law but there is nothing in the record that he relied on it or even considered it in making his determination as to punishment. The record does reflect that the court considered a presentence report which contained circumstances of the offense and appellant's criminal record, including a previous robbery committed by appellant as a juvenile. This the court was empowered to do. *Walker v. State*, 493 S.W.2d 239, 240 (Tex.Crim.App. 1973); TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon Supp.1984). Appellant's first ground of error is overruled.

In his second ground of error appellant contends that since the only evidence offered by the State was stipulated testimony of witnesses in the form of an exhibit and attachments thereto, and the exhibit and the attached documentation are missing from the record on appeal, there is no evidence to support the conviction. Appellant makes no other complaint as to the sufficiency of the evidence except for the absence of the exhibit and the documentation attached thereto.

■ We agree that the exhibit is missing from the record. However, the record reflects that the trial court was advised of the missing exhibits and the trial court, after due notice, conducted a hearing on the State's motion to supplement the record. After such hearing, the court entered an agreed order that the record be supplemented so as to speak the truth pursuant to TEX.CODE CRIM.PROC.ANN. art. 40.09(7) (Vernon Supp.1984). The order in pertinent parts reads:

CAME ON TO BE HEARD BEFORE THIS HONORABLE COURT, on the 23rd day of July, A.D., 1981, attorneys for the above defendant and the State who both declared that they are in agreement as to how the appellate record in this cause should be supplemented.

Said agreement comes to pass under the direction of the Honorable Preston H. Dial, Jr., Judge presiding in this Court and consists of the following:

*First*, the statement given by the complainant, Mary Ann Conn, was duly entered into evidence through stipulation by both parties and was a part of this cause at trial;

*Second*, the police report made by Officer G. Valdez, S.A.P.D., was duly entered into evidence through stipulation of both parties and was a part of this cause at trial (two pages);

*Third,* the police report made by Officer Salazar, S.A.P.D., was duly entered into evidence through stipulation by both parties and was a part of this cause at trial;

\*   \*   \*   \*   \*   \*

WHEREFORE, PREMISES CONSIDERED, it is hereby ORDERED that the appellate record in this cause be supplemented to show that the evidence includes the Complainant's statement and the two (2) police reports as above mentioned.

We hold that the missing original exhibit and the documentation attached thereto have adequately and correctly been replaced in the record by the trial court's action. Even though the appellant does not contend that the original exhibit and its attachments were insufficient to sustain his conviction, we have examined the replacement statements of the complainant and the two witnesses and conclude the evidence to be sufficient to support the conviction.

The indictment in pertinent parts reads: [O]n or about the 14TH day of JULY, A.D., 1979, KENNETH MICHAEL BATTS, hereinafter called defendant, did then and there intentionally and knowingly threaten and place MARY ANN CONN, hereinafter called complainant, in fear of imminent bodily injury and death while the said defendant was in the course of committing theft of property, namely: LAWFUL MONEY OF THE UNITED STATES OF AMERICA, from said complainant, ... and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of the said property; ....

■ In her sworn statement, which was duly entered into evidence through stipulation, the complainant, Mary Ann Conn, stated that while working as a cashier for Baird's Thrift Store on July 14, 1979, she was robbed by a black male who told her he had a gun and to give him the money from the cash register. She saw what she thought was the handle of a gun stuck in his waistband and gave him the money because she believed he would shoot her if she did not give him all the money. As he was leaving he told her "if you do anything funny I'll come back and blow your head off." Shortly after she called the police they returned with a black male in custody whom she immediately and positively identified as the black male who had robbed her. We are of the opinion that the testimony of the complainant standing alone is sufficient to sustain the conviction. Accordingly, appellant's second ground of error is overruled.

In his third and final ground of error appellant contends that "the trial court erred in overruling appellant's motion to suppress the identification testimony."

■ In view of the agreement to enter into evidence through stipulation the testimony of the complainant, Mary Ann Conn, nothing is presented for review under the claim that any testimony concerning the show-up of the appellant at the scene and the photo line-up at police headquarters was impermissibly suggestive and conducive to irreparable misidentification. Further, in view of said stipulation, nothing is presented for review under the claim that such evidence and testimony flowed from an arrest made without probable cause and as a result of an unreasonable search and seizure. The stipulated testimony of the complainant and the two arresting officers encompassed and contained essentially the same alleged objectionable identification testimony which had been testified to at the hearing on appellant's motion to suppress. Accordingly, we hold that appellant expressly waived any reliance upon the ruling made on the motion to suppress. *See McGrew v. State,* 523 S.W.2d 679, 681 (Tex. Crim.App.1975). Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.