Rose Marie AGUIRRE, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–492–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 4, 1984.

Rehearing Denied Oct. 25, 1984.

Patrick McGuire, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before UTTER, YOUNG and GONZALEZ, JJ.:

## OPINION

UTTER, Justice.

This is an appeal from a jury conviction of murder for which the jury assessed punishment at fifteen years in the Texas Department of Corrections. We affirm the judgment of the trial court.

On October 26, 1983, appellant was convicted of the murder of Steven Burch. Appellant was formally sentenced on October 27, 1983, at which time she gave oral notice of appeal. On October 28, 1983, the trial court held a hearing on bond, during which time the trial court scheduled a hearing on appointment of an attorney for November 7, 1983.

At the hearing on appointment of an attorney on November 7, 1983, appellant failed to appear. A warrant for the arrest of appellant had been issued because she was at large without an appeal bond ever having been approved. Because of appellant's failure to appear and after having called appellant's name at the courthouse door, the trial court ordered appellant's original bond forfeited and the issuance of a judgment nisi.

Appellant was subsequently arrested in Miami, Florida, in December 1983 on the warrant issued in this case. Following extradition proceedings, appellant was returned to Nueces County on January 29, 1984.

On February 1, 1984, following appellant's return to Nueces County, the trial court appointed counsel to represent appellant on appeal. That same day, February 1, 1984, appellant's appointed counsel filed on behalf of appellant a pauper's affidavit and various motions, including, in the trial court, a request to permit supplementation of the record and, in our Court, her Motion for Extension of Time to File Statement of Facts.

On February 13, 1984, the trial record, which consisted of the Transcript, Vol. I, comprising pages 1–105, and a statement of facts of the November 7, 1983, hearing were *filed* in our Court. At that point in time, no designation of material, including any part of the statement of facts, for inclusion in the record had been filed on behalf of appellant. *See* TEX.CODE CRIM.PROC.ANN. art. 40.09 §§ 2 and 5 (Vernon Supp.1984).

On March 9, 1984, the trial court held a hearing on appellant's motion to supplement the record, which was granted in part.[1] On March 13, 1984, appellant filed in our Court her Supplemental Motion for Extension of Time to File Statement of Facts. On March 15, 1984, our Court denied appellant's Motion for Extension of Time to File Statement of Facts and her

---

1. Under TEX.CODE CRIM.PROC.ANN. art. 44.-11 (Vernon Supp.1984), a trial court lacks the authority to supplement the record after the record is filed in the appellate court. *Duncan v. Evans*, 653 S.W.2d 38 (Tex.Crim.App.1983); *James v. State*, 660 S.W.2d 146 (Tex.App.—Amarillo 1983, no pet.). Any request for supplementation or correction of the record after that time must be addressed to the appellate court. As applied to the instant case, the trial court was without authority to order, on March 9, 1984, supplementation of the record after the trial court's transcript and the statement of facts of the November 7, 1983, hearing had been earlier *filed* in our Court on February 13, 1984, absent an order from our Court abating the appeal and instructing the trial court to supplement the record, thereby properly returning jurisdiction to the trial court for such purposes. *See Duncan v. Evans*, 653 S.W.2d at p. 40.

Supplemental Motion for Extension of Time to File Statement of Facts. In accordance with the above rulings, our Court, on October 4, 1984, *received* but refused to *file* supplemental portions of the statement of facts of the trial as well as the statement of facts of the hearings held on October 27, 1983, October 28, 1983, and March 9, 1984. As noted above, the transcript and the statement of facts of the November 7, 1983, hearing had been previously *filed* in our Court on February 13, 1984.

On April 10, 1984, appellant filed with the Court of Criminal Appeals its Petition for Discretionary Review and Motion to Abate Appeal, complaining of our Court's denial of her prior motions for extension of time to file statement of facts. On April 13, 1984, appellant filed her Motion for Leave to File Statement of Facts, which was subsequently denied by our Court on April 26, 1984. On June 6, 1984, the Court of Criminal Appeals refused appellant's Petition for Discretionary Review, holding in its per curiam opinion that the interlocutory orders of our Court were not reviewable.

In her first two grounds of error, appellant challenges the rulings made by the trial court and our Court regarding her record on appeal. Appellant argues that she was deprived of her right to effective assistance of counsel on appeal when (1) the trial court failed to fully sustain appellant's objection to the record and request for supplemental record filed February 1, 1984, and (2) when our Court denied appellant's motions for extension of time or leave to file statement of facts.

TEX.CODE CRIM.PROC. art. 40.09 (Vernon Supp.1984) sets forth the responsibilities for the preparation of a record on appeal. Art. 40.09, in pertinent part, provides:

\* \* \* \* \* \*

2. Designation of material for inclusion in the record

Each party may file with the clerk a written designation specifying matter for inclusion in the record. The appellant shall file his designation within 20 days after the giving of notice of appeal. The state shall file its designation within 30 days after the giving of notice of appeal. The failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation specifying such matter is not timely filed. Each party shall serve a copy of its designation on the opposing party.

3. Statement of facts and other proceedings

The record may include a transcription of all or any part of the proceedings shown by notes of the reporter to have occurred before, during or after the trial and the same will constitute the statement of facts for the appeal. A transcription applicable to any proceeding occurring before notice of appeal shall be filed with the clerk for inclusion in the record not later than 60 days after notice of appeal. A transcription of the notes applicable to any proceeding occurring after notice to appeal shall be filed with the clerk for inclusion in the record not later than thirty days after the end of such proceeding.

\* \* \* \* \* \*

5. Responsibility for obtaining a transcription of the reporter's notes

If a party desires to have all or any portion of a transcription of the court reporter's notes included in the record, he shall so designate with the clerk in writing and within the time required by Section 2 of this Article. Such party shall then have the responsibility of obtaining such transcription from the court reporter and furnishing the same to the clerk in duplicate in time for inclusion in the record and the appellant shall pay therefor. The court will order the reporter to make such transcription without charge to appellant if the court finds, after hearing in response to an affidavit filed by the appellant not more than 20 days after giving notice of appeal that he is unable to pay or give security therefore.

We note that Art. 40.09 does not permit an extension of the twenty day time period for either the designation of the record (Art. 40.09 § 2) or the designation of intention to include statement of facts in the record and filing of affidavit of inability to pay (Art. 40.09 § 5).

 It is well established that the burden is on an appellant to establish that he has been improperly deprived of his statement of facts. *Timmons v. State*, 586 S.W.2d 509 (Tex.Crim.App.1979). To be entitled to a reversal of judgment of conviction when a statement of facts is not filed, an appellant must show (1) due diligence in requesting it and (2) that the failure to file or to have the statement of facts timely filed is not in any way due to negligence, laches or other fault on the part of the appellant and his counsel. *Id.* at p. 512; *Walker v. State*, 642 S.W.2d 189 (Tex.App. —Houston [14th Dist.] 1982, pet. ref'd.). In assessing an appellant's diligence in obtaining a statement of facts, we must view the circumstances from the appellant's standpoint, consider what an ordinary prudent person would do in the same or similar circumstances and resolve any reasonable doubt in favor of the appellant. *Timmons v. State*, 586 S.W.2d at p. 512; *Lamkin v. State*, 138 Tex.Cr.R. 311, 136 S.W.2d 225 (1940). We find that, under the circumstances of this case, appellant failed to demonstrate her due diligence in requesting preparation of the record on appeal. We further find that the failure to have a complete record, including a complete statement of facts, timely filed was due to her own fault. As evidenced in the record, appellant, while remaining at large without an approved appeal bond and eventually fleeing the jurisdiction to Florida, retained no attorney and failed to appear at the hearing on appointment of attorney on November 7, 1983. Even though she timely gave her oral notice of appeal on October 27, 1983, appellant did not file within the prescribed twenty day time period of Art. 40.09 a designation of material for inclusion of the record (Art. 40.09 § 2) or a designation of intention to include statement of facts in the record or a pauper's affidavit (Art. 40.09 § 5). Unquestionably, appellant has failed to demonstrate her due diligence in requesting and preparing a record on appeal. Appellant's first and second grounds of error are overruled.

 In her third, fourth and fifth grounds of error, appellant raises three contentions that are based upon matters contained within the portion of the statement of facts which our Court *received* but refused to *file*. Without the statement of facts properly before us, nothing is presented for our review. *See Slade v. State*, 400 S.W.2d 570 (Tex.Crim.App.1966); *Bush v. State*, 370 S.W.2d 875 (Tex.Crim. App.1963); *See also Goodings v. State*, 500 S.W.2d 173 (Tex.Crim.App.1973); *Thomas v. State*, 470 S.W.2d 892 (Tex.Crim.App. 1971); *Sellars v. State*, 401 S.W.2d 835 (Tex.Crim.App.1966); *Williams v. State*, 397 S.W.2d 459 (Tex.Crim.App.1966).

The judgment of the trial court is AFFIRMED.