**Fred T. DURROUGH, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–010–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 30, 1985.

Chrysanthe A. Lambros, San Antonio, for appellant.

Ed Shaughnessy, III, Appellate Div., San Antonio, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION ON REMAND

KENNEDY, Justice.

This cause has been remanded to our Court with instructions to reconsider appellant's first ground of error in light of omitted exhibits Q and R. All other grounds for review presented in appellant's Petition for Discretionary Review were refused by the Court of Criminal Appeals. *Durrough v. State,* 693 S.W.2d 404 (Tex.Crim.App. 1985).

Exhibit "R" is the court reporter's transcription of the examining trial. Exhibit "Q" is the transcription of the hearing on the motion to suppress the identification made by Mrs. Tyler.

Upon original submission of this cause, the State vigorously argued that appellant had waived his first ground of error in which he complained of a tainted in-court identification by Mrs. Tyler because the record before our Court failed to demonstrate that any pre-trial motion to suppress the identifications was overruled by the trial court. The State took the position that absent a ruling on the pre-trial motion, and absent an objection to the evidence at the time of trial, any error was waived.

Without considering exhibits "Q" and "R," this Court, 672 S.W.2d 860 (Tex.App. 1984), rejected the State's waiver argument and addressed the merits of appellant's first ground of error.

We have now re-examined our original opinion and conclude that nothing we said in addressing appellant's first ground of error should be changed. Much of the testimony recorded in exhibits "Q" and "R" is redundant of that admitted at trial, and when considered in the light most favorable to the verdict, we would observe that these exhibits support the verdict. As an example, in exhibit "Q," it is revealed that Mrs. Tyler picked appellant from a photo spread as the assassin of her husband. Mrs. Tyler was adamant concerning her identification, and the testimony of the officers concerned refutes appellant's allegations of a tainted identification.

Appellant's first ground of error is again overruled; the judgment of the trial court is AFFIRMED.

GONZALEZ, J., not participating.