

# THE ATTORNEY GENERAL
## OF TEXAS

February 19, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-633

Re: Whether the Harris County Attorney is authorized or required to represent or advise the sheriff in certain cases

Dear Mr. Driscoll:

You advise this office that the following questions have been prompted by the Harris County Sheriff's Department Civil Service Commission seeking advice from your office regarding its official duties and a case pending before it.

> 1. Is the Harris County Attorney authorized or required to advise members of the Harris County Sheriff's Department Civil Service Commission in regard to their official duties?

> 2. Is the Harris County Attorney required to advise the Harris County Sheriff's Department Civil Service Commission in regard to cases pending before it?

> 3. Is the Harris County Attorney authorized or required to represent the sheriff at hearings before the Harris County Sheriff's Department Civil Service Commission?

The Harris County Sheriff's Department Civil Service Commission was created pursuant to article 2372h-8, V.T.C.S. The commission is composed of three members having the authority to "make, publish, and enforce rules" relating to personnel matters within the sheriff's department. See V.T.C.S. art. 2372h-8, §§4, 6(a). Consequently, we conclude that the Harris County Sheriff's Department Civil Service Commission is an administrative agency of the county. Its powers are those expressly granted by the legislature, together with those necessarily implied from the authority conferred or duties imposed. See Stauffer v. City of San Antonio, 344 S.W.2d 158 (Tex. 1961).

Moreover, it is apparent from the reading of the statute that each member is a "public official" of Harris County. The members, as individuals and as a body, exercise a sovereign function of government for the benefit of the public largely independent of others' control. See Aldine Independent School District v. Standley, 280 S.W.2d 578 (Tex. 1955); see also Northwestern National Life Insurance Co. v. Black, 383 S.W.2d 806 (Tex. Civ. App. - Texarkana 1964, writ ref'd n.r.e.). Once an individual is appointed to the commission, he is entitled to serve a two year term independent of the control of the sheriff or other appointing officials. V.T.C.S. art. 2372h-8, §4(b).

You first ask whether the Harris County Attorney is authorized or required to advise members of the commission in regards to their official duties. We believe that the county attorney is required, under section 41.007 of the Government Code, to give written advice, (upon request) to members of the commission. See Govt. Code §41.007.

Section 41.007 provides in part:

> A district or county attorney, on request, shall give to a county or precinct official of his district or county a written opinion or written advice relating to the official duties of that official. (Emphasis added).

Govt. Code §41.007. Consequently, section 41.007 is dispositive of your first question requiring the county attorney to give written advice to members of the commission in regard to their official duties.

In your second question you ask whether the county attorney is required to advise the commission in regard to cases pending before it. We understand that the word "case" refers to a disciplinary or grievance proceeding before the commission. See Harris County Sheriff's Department Civil Service Regulations, Rules 12, 13 (1982). In these administrative proceedings before the commission, the sheriff is an adverse party to the employee instituting the appropriate proceeding. See Id. Rule 2.22 (Definition of Hearing). This poses a possible conflict between the county attorney's duty to represent the sheriff and his duty to advise the commission.

Article V, section 21, of the Texas Constitution provides in pertinent part:

> A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of four years.

> In case of vacancy the commissioners court of the county shall have the power to appoint a county attorney until the next general election. The county attorneys shall represent the state in all cases in the district and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the legislature. The legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provision for the compensation of district attorneys and county attorneys. District attorneys shall hold office for a term of four years, and until their successors have qualified. As amended Nov. 2, 1954.

Harris County is one of the counties having both a county attorney and a district attorney. Thus, the legislature is authorized to regulate the duties of the county attorney in Harris County. The legislature has defined the duties of the Harris County Attorney.

> It is the primary duty of the county attorney in Harris County or his assistants to represent the state, Harris County, and the officials of Harris County in all civil matters <u>pending before the courts</u> of Harris County and any other courts in which the state, the county, or the officials of the county have <u>matters pending</u>. The county attorney shall represent the Harris County Flood Control District and perform the other duties imposed by this section without any additional fee, compensation, or prerequisite other than that paid by Harris County out of its officers' salary fund. (Emphasis added).

Govt. Code §45.201.

You have informed us that the sheriff often requests the advice of the county attorney regarding the future or prior termination of an employee who may appeal or has appealed his dismissal to the commission. At the same time, the commission may seek advice regarding its statutory powers and duties and how these powers may be exercised in a particular case. The conflict may also arise when the commission may seek advice where the sheriff disagrees with its ruling.

Section 45.201 of the Government Code gives the county attorney authority to represent the sheriff in court. The provisions also give the county attorney the authority to represent the commission in court.

In Hill v. Texas Water Quality Board, 568 S.W.2d 738 (Tex. Civ. App. - Austin 1978, writ ref'd n.r.e.), the court in addressing the authority vested in the Attorney General of Texas under the Texas Constitution, article IV, section 22, and county and district attorneys under the Texas Constitution, article V, section 21 stated:

> Thus, either the Attorney General or a county or district attorney may represent the State in a particular situation, but these are the only choices, whichever official represents the State exercises exclusive authority and if services of other lawyers are utilized, they must be 'in subordination' to his authority. (Emphasis supplied).

In Attorney General Opinion JM-28 (1983), after citing Hill v. Texas Water Quality Board with approval for the foregoing proposition, the matter of the attorney general representing parties with conflicting interests was addressed:

> You also ask whether the attorney general is prohibited from representing the office of the public utility counsel in court where the Public Utility Commission, also represented by the attorney general, is an adverse party. We have been unable to find a constitutional provision which would prevent the attorney general from representing opposing parties in a lawsuit. The attorney general has a duty under article IV, section 22, to represent the state in the supreme court. Where two state agencies are on opposite sides of a lawsuit, the attorney general is required to represent both agencies. In at least one case, the attorney general and three assistant attorneys general were counsel of record for one agency, while another assistant attorney general was counsel of record for the opposing party. Texas National Guard Armory Board v. McCraw, 126 S.W.2d 627 (Tex. 1939).

> . . . .

> Article 6252-26, V.T.C.S., authorizes the attorney general to defend officers and employees

of the state against certain kinds of lawsuits arising out of acts or omissions by that person in the scope of his office or employment. Section 3(a) of article 6252-26 provides in part:

> It is not a conflict of interest for the attorney general to defend a person or estate under this Act and also to prosecute a legal action against that person or estate as may be required or authorized by law if different assistant attorneys general are assigned the responsibility for each action.

> Thus, while the attorney general defends an individual for actions undertaken within the scope of his state office or employment, he may at the same time sue that person, as long as different assistant attorneys general are assigned to each action.

We have been unable to find a constitutional provision which would prevent the county attorney from representing any of the parties falling within the ambit of his responsibilities heretofore outlined. Thus, the fact that the Harris County Sheriff's Department Civil Service Commission may be in an adverse position to a party appearing before the commission does not relieve the county attorney of his obligation to advise the commission in regard to cases pending before it.

In the event that it is deemed advisable to employ private counsel, we find the opinion in Driscoll v. Harris County Commissioners Court, 688 S.W.2d 569 (Tex. App. - Houston [14th Dist.] 1984, writ ref'd n.r.e.) to be controlling. After recognizing the duty imposed on the Harris County Attorney to represent Harris County, its offices and officials, the court held the employment of private counsel must be in accordance with article 2372p, V.T.C.S., which states that

> special counsel shall be named by the county attorney . . . and such employment shall be made for such time and on such terms as said county attorney . . . may deem proper and expedient subject to the approval of the commissioners court.

You ask whether the Harris County Attorney is authorized or required to represent the sheriff at hearings before the Harris County Sheriff's Department Civil Service Commission. As noted above, the county attorney has the primary duty to

represent the state, Harris County, and the officials of Harris County in all civil matters pending before the courts of Harris County and any other courts in which the state, the county, or the officials of the county have matters pending.

Govt. Code §45.201. It would appear that the county attorney is only required to represent an official in a court proceeding. However, we do not believe that the county attorney is prohibited from representing the sheriff before the Harris County Sheriff's Department Civil Service Commission. The representation of a client in a court proceeding may entail representation and advice before the suit is actually instituted in order to ensure effective representation in the court action.

## S U M M A R Y

The Harris County Attorney is required to advise members of the Harris County Sheriff's Department Civil Service Commission regarding their official duties. The county attorney is also required to advise such commission in regard to cases pending before the commission. The county attorney may represent the sheriff in a case pending before the commission.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General