Sylvester BURNS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–488–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 17, 1988.

Rehearing Denied Dec. 22, 1988.

George O. Jacobs, Houston, for appellant.

Carlos Valdez, County Atty., Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

A jury convicted appellant of driving while intoxicated, Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(b) (Vernon Supp.1988). The jury assessed punishment at 30 days' confinement, probated for one year, a $500 fine, and driver's license suspension. Appellant raises two points of error. We affirm the trial court's judgment.

■ By point one, appellant complains that the trial court did not grant his motion to quash the information. Tex.Code Crim. Proc.Ann. art. 27.10 (Vernon 1966) requires a written motion to quash. No written motion to quash was included in the transcript.

At oral argument, appellant's counsel insisted that he had filed a written motion to quash. By letter, we granted appellant in effect a five-day extension of time to locate the motion and have a supplemental transcript forwarded to us. *See* Tex.R.App.P. 55. Instead, appellant's counsel has tendered an affidavit and a copy of a motion to quash which bears no file mark.

Tex.R.App.P. 51(a), derived from Tex. Code Crim.Proc.Ann. art. 40.09(1) (Vernon 1979) requires that the transcript on appeal include any special pleas and motions of the defendant which were presented to the court and overruled. Neither party filed a written designation specifying items for inclusion in the transcript under Rule 51(b).

■ The appellate court is bound by the record before it. *Jones v. State*, 564 S.W.2d 718, 721 (Tex.Crim.App.1978); *Peppard v. State*, 653 S.W.2d 530, 531 (Tex. App.—Beaumont 1983, no pet.). Material which should be part of the appellate record and does not need to be designated, but for unknown reasons is not forwarded to the court of appeals is part of the appellate record and, when delivered to the appellate court, should be considered. *See Durrough v. State*, 693 S.W.2d 404, 405 (Tex.Crim.App.1985), *on remand*, 697 S.W. 2d 760 (Tex.App.—Corpus Christi 1985). It is the duty of the appellant's attorney to provide a record sufficient to pass upon the issues. *Rivera v. State*, 581 S.W.2d 161,

163 (Tex.Crim.App.1979); *Ochoa v. State*, 688 S.W.2d 888, 889 (Tex.App.—Corpus Christi 1985, no pet.); Tex.R.App.P. 50(d).

■ After the record is filed in the appellate court, any request for supplementation or correction must be addressed to that court. *Aguirre v. State*, 680 S.W.2d 567, 568 n. 1 (Tex.App.—Corpus Christi 1984, no pet.). The appellate court may abate the appeal and instruct the trial court to supplement the record, thus properly returning jurisdiction to the trial court for that purpose. *Farris v. State*, 712 S.W.2d 512, 514 n. 1, 2 (Tex.Crim.App.1986); *Aguirre*, 680 S.W.2d at 568 n. 1; Tex.R. App.P. 55(a); *see Labarge v. State*, 681 S.W.2d 261, 262–63 (Tex.App.—San Antonio 1984, pet. ref'd); *Batts v. State*, 673 S.W.2d 666, 667–68 (Tex.App.—San Antonio 1984, no pet.).

Tex.R.App.P. 55(b) allows the appellate court to direct preparation of a supplemental record to cure omissions when the error is discovered before submission, and Rule 55(c) gives the court certain authority to correct defects appearing at or after submission. While we could have considered a supplemental transcript, the same is not true for the materials appellant's attorney provided.

■ The appellate court is not authorized to consider affidavits disputing a regularly certified and filed transcript. *Tinsley v. State*, 252 S.W.2d 468, 469 (Tex.Crim. App.1952); *see also Davis v. State*, 251 S.W.2d 892 (Tex.Crim.App.1952). This Court cannot consider out-of-court affidavits. *See Cook v. State*, 741 S.W.2d 928, 938 (Tex.Crim.App.1987).

■ A proper supplemental transcript should bear the trial court's file mark and be forwarded by the clerk. *See Ridley v. State*, 583 S.W.2d 631, 632 (Tex.Crim.App. 1979).

Since the record includes no written motion, none of appellant's grounds for quashing the indictment are preserved for review. *See Nichols v. State*, 653 S.W.2d 768, 769–70 (Tex.Crim.App.1981); *Dixon v. State*, 737 S.W.2d 134, 136 (Tex.App.—Fort

Worth 1987, pet. ref'd); *Marshall v. State,* 646 S.W.2d 522, 524 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

Moreover, we have read the transcription of appellant's oral motion, and it does not raise the issue which appellant urges on appeal. Since the specific issue was not raised at trial, it is not preserved for review. *Hollins v. State,* 571 S.W.2d 873, 874 (Tex.Crim.App.1978); *see Pyles v. State,* 755 S.W.2d 98, 116 (Tex.Crim.App. 1988). We overrule point one.

■ Appellant's second point complains that the trial court did not grant his motion for new trial complaining of a jury separation. Appellant cites Tex.Code Crim.Proc. Ann. art. 35.23 (Vernon 1966) and numerous felony cases. This is a misdemeanor case.

■ In a misdemeanor case, the court may in its discretion, permit the jury to separate before the verdict. *Patterson v. State,* 170 Tex.Cr.R. 84, 338 S.W.2d 469, 472 (1960); Tex.Code Crim.Proc.Ann. art. 27.10 (Vernon 1966). Even in cases in which an improper separation took place, the State may rebut the presumption of harm by showing that no improper communications or conduct occurred during the separation. *Reid v. State,* 749 S.W.2d 903, 909–11 (Tex.App.—Texarkana 1988, no pet.); *McDonald v. State,* 597 S.W.2d 365, 367 (Tex.Crim.App.1980), *cert. denied,* 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 467 (1980); *Esterline v. State,* 707 S.W.2d 171, 177 (Tex.App.—Corpus Christi 1986, pet. ref'd). The record indicates that the court suggested that the jurors first select a presiding juror, then have lunch, then begin deliberations. But it stated that it was merely a suggestion, and left it up to the jurors to decide on the time taken for lunch before resuming deliberations. The court asked them to inform the bailiff of their intentions, and instructed them not to discuss the case with anyone, not even each other, *during lunch.*

During the hearing on the motion for new trial, the jurors testified. Royal Putnam stated that a verdict was reached a few minutes after he was selected as presiding juror. Then the bailiff allowed them to break for lunch, reminding them not to speak about the trial.

Although some of the jurors testified that they conversed with others during the break, all indicated they had no improper discussions. The jury had been instructed before retiring. Moreover, the verdict had already been reached, though it was not delivered. *See Johnson v. State,* 469 S.W. 2d 581, 583 (Tex.Crim.App.1971). We overrule point two.

We AFFIRM the trial court's judgment.