Affirmed and Opinion filed July 24, 2003









Affirmed and Opinion filed July 24, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01095-CR

____________

 

DAMIEN
WASHINGTON, Appellant

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On Appeal from the
248th District Court

Harris County, Texas

Trial Court Cause
No. 904,391

 



 

O P I N I O N

Appellant, Damien
Washington, was charged by indictment with the felony offense of robbery.  He was further charged with using and
exhibiting a deadly weapon during the offense, namely, a firearm.  A jury convicted appellant as charged in the
indictment and assessed his punishment at 10 years= imprisonment.  On appeal, appellant challenges the
sufficiency of the evidence to support his conviction.  We affirm. 








On February 23, 2002,
Julie Ann Torres took her two nephews, ages seven and nine, to the store.  When they returned to her apartment complex,
Torres noticed a black man smoking a cigarette in the front parking lot.  He wore a light blue jersey with dark numbers
or letters, baggie jeans, and had braided hair. 
Finding all the parking spaces at the front of her building filled,
Torres drove around and parked in the back of the complex.  Her nephews gathered their belongings, and
exited the back seat of the car.  Torres
stepped out of the driver=s
seat, and as she walked from her car, the man she had previously seen in the
front parking lot approached her, put a gun to her stomach, and said, “just do
it.”  Torres immediately handed him her
purse, and her attacker fled the scene. 
Two days later, while viewing a photo spread, Torres identified
appellant as her attacker.  Appellant was
charged with, and subsequently convicted of, aggravated robbery. 

Standard of Review

In evaluating a legal
sufficiency challenge, we view the evidence in the light most favorable to the
verdict and determine whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
n. 12 (1979); Garrett v. State, 851 S.W.2d 853, 857 (Tex. Crim. App. 1993).  We will not overturn the verdict unless it is
irrational or unsupported by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991).  The jury, as the
trier of fact, “is the sole judge of the credibility of witnesses and of the
strength of the evidence.”  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may believe or disbelieve any
portion of the witnesses= testimony.  Sharp.
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  








When conducting a factual
sufficiency review, the evidence is not viewed in the light most favorable to
the verdict, and the verdict is set aside if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 6B7 (Tex. Crim. App. 2000).  The evidence is considered equally, including
the testimony of defense witnesses and the existence of alternative
hypotheses.  Orona v. State, 836
S.W.2d 319, 321 (Tex. App.CAustin 1992, no pet.). 
We consider the factfinder=s weighing of the evidence and can
disagree with the factfinder=s determination.  Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  However, we are not free to reweigh the
evidence and set aside a verdict merely because a different result is more
reasonable.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We must defer to jury findings and find the
evidence factually insufficient “only where necessary to prevent manifest
injustice.”  Id.

Firearm

In his first and second issues, appellant contends the
evidence is insufficient because the State failed to establish that the “gun”
allegedly used during the commission of the offense constituted a firearm as
alleged in the indictment.  A person is
guilty of aggravated robbery if, while in the course of committing theft, he
intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death and uses or exhibits a deadly weapon.  Tex.
Pen. Code Ann. ' 29.03(a) (Vernon 1994). 
When the State alleges in the indictment for aggravated robbery that the
deadly weapon used by the defendant was a firearm, as it did here, it is
required to prove beyond a reasonable doubt that the deadly weapon was, in
fact, a firearm.  Arthur v. State,
11 S.W.3d 386, 389 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 


A deadly weapon is, “a firearm or anything manifestly
designed, made, or adapted for the purpose of inflicting death or serious
bodily injury; or anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury.”  Tex.
Pen. Code Ann. ' 1.07(17) (Vernon 2003). 
A “firearm,” therefore, is a deadly weapon.  Arthur, 11 S.W.3d at 389.  A “gun,” however, is a broader term than “firearm”
and may include non-lethal instruments such as BB guns, blow guns, pop guns,
and grease guns.  Id.  








Appellant argues the State never presented evidence
establishing the “gun” used here was in fact a “firearm” because in describing
the weapon, the complainant failed to use the word “handgun,”  “revolver,” “automatic,” or similar term that
has been judicially recognized as a firearm. 
Although the weapon used by appellant was not recovered, the complainant
identified a black semi-automatic pistol, used for demonstrative purposes, as
being similar   to the weapon used by appellant.  Moreover, the Court of Criminal Appeals has
held that use of the word “gun” by the victim of a crime is sufficient evidence
from which a jury may rationally conclude that a deadly weapon was used.  Wright v. State, 591 S.W.2d 458, 459
(Tex. Crim. App. 1979).  The
jury, as the exclusive judge of witness credibility, was entitled to believe
the complainant.  Margraves v. State,
34 S.W.3d 912, 919 (Tex.
Crim. App. 2000). 

Viewing the evidence in the light most favorable to the
prosecution, we believe the jury was entitled to conclude appellant robbed the
complainant with a firearm.  Furthermore,
we cannot say the jury=s decision is against the great weight of the evidence so as
to be clearly wrong and unjust. 
Appellant=s first and second issues are overruled.  

Identification

In his third and fourth issues, appellant contends the
evidence is insufficient because his conviction rested solely on the
complainant=s identification.  The complainant described appellant to police
almost immediately after her attack and identified appellant two days later
from a police photo spread.  The
complainant testified she had “no doubt” that appellant was the man that
attacked her, which is sufficient evidence to support the conviction.  Batts v. State, 673 S.W.2d 666, 668
(Tex. App.CSan Antonio 1984, no pet.)
(complainant=s testimony, standing alone, was
sufficient to sustain a robbery conviction). 









In his defense, appellant
offered the testimony of his thirteen-year-old sister,  Laporsha Washington.  Ms. Washington testified appellant was at
home at the time of the robbery; however, this evidence must be weighed against
the State=s
evidence.  Ms. Washington testified
appellant left on two different occasions during that evening, allegedly to go to the local auto parts
store.  Ms. Washington was impeached to
some extent by her admission that she never went to police with her alibi
testimony but, instead, waited until trial to acknowledge her brother=s innocence.  

Viewing the evidence in
the light most favorable to the prosecution, we believe the jury was entitled
to conclude that appellant was the man that robbed the complainant.  Furthermore, the jury disregarded appellant=s alibi witness as was
its right.  Moore v. State, 804 S.W.2d 165, 166 (Tex. App.CHouston [14th Dist.]
1991, no pet.) (holding jury is entitled to accept the State=s version of the facts
and reject appellant=s
version or reject any of the witnesses=
testimony).  We find the verdict was not
so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust.  Thus, the evidence was both
legally and factually sufficient to support the verdict.  Appellant=s
third and fourth issues are overruled.  

The judgment of the trial
court is affirmed.  

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

Judgment rendered and Opinion filed July 24, 2003.

Panel consists of Justices Yates, Hudson, and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).