

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00251-CR

Travis **COBB**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR11604
Honorable Frank J. Castro, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: November 6, 2019

AFFIRMED

Travis Cobb was convicted by a jury of aggravated robbery with a deadly weapon. On appeal, Cobb contends the trial court erred in admitting a detective's testimony regarding the results of a fingerprint analysis. Cobb also contends the evidence is insufficient to support his conviction. We affirm the trial court's judgment.

## BACKGROUND

Cobb was indicted for aggravated robbery. After hearing two days of testimony, the jury was charged as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of July, 2017, in Bexar County, Texas, the defendant, Travis Cobb, while in the course of committing theft of property and with intent to obtain or maintain control of said property, did use or exhibit a deadly weapon, namely: a knife or a box cutter or a blade, that in the manner of its use or intended use was capable of causing death or serious bodily injury, and Travis Cobb did intentionally, knowingly, or recklessly cause bodily injury to complainant, David Gamez, by cutting or striking or stabbing David Gamez with said deadly weapon, then you will find the defendant guilty of aggravated robbery with a deadly weapon as charged in the indictment.

If you do not so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

The jury returned a verdict of guilt, and Cobb elected for the trial court to assess punishment. The trial court sentenced Cobb to twenty-five years' imprisonment. Cobb appeals.

## FINGERPRINT ANALYSIS

In his first issue, Cobb contends the trial court erred in allowing a detective to testify regarding the results of an analysis by the latent print examiner's office of latent prints lifted from the crime scene by the crime scene investigators. Cobb contends the admission of the testimony violated the Confrontation Clause of the United States Constitution. The State responds that Cobb's complaint was not preserved for appellate review.

"Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). "If an issue has not been preserved for appeal, neither the court of appeals nor [the Texas Court of Criminal Appeals] should address the merits of that issue." *Id*.

"To preserve error for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). In addition, the issue on appeal "must comport with the objection made at trial." *Id*. When the issue on appeal does not comport with the trial objection, "nothing is presented for review." *Hallmark v. State*, 541 S.W.3d 167, 171 (Tex. Crim. App. 2017).

As the exchange between defense counsel and the trial court quoted in Cobb's brief reveals, the only objection Cobb made to the admissibility of the detective's testimony was a hearsay objection. "[G]eneral arguments about hearsay do not put [a] trial judge on notice that [a defendant] is making a constitutional argument, let alone a Confrontation Clause argument." *Golliday v. State*, 560 S.W.3d 664, 671 (Tex. Crim. App. 2018); *see also Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) ("An objection on hearsay does not preserve error on Confrontation Clause grounds."). Accordingly, because Cobb's only objection to the admissibility of the detective's testimony regarding the results of the fingerprint analysis was hearsay, he has not preserved his first issue for appellate review. Cobb's first issue is overruled.

## SUFFICIENCY

In his second issue, Cobb contends the evidence is insufficient to support his conviction.[1] Specifically, Cobb contends the evidence is insufficient to establish his identity as the person who stabbed Gamez.[2]

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*.

---

[1] Although Cobb argues the evidence is legally and factually insufficient to support his conviction, "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

[2] We note the argument section of Cobb's brief on this issue contains no citations to the evidence presented at trial but only quotes defense counsel's closing argument. *See* TEX. R. APP. P. 38.1(i) (requiring argument section of appellant's brief to contain appropriate citations to the record).

The evidence at trial established Gamez was a loss prevention officer at a department store. Video recordings from the store's surveillance cameras which were admitted into evidence show Gamez tracking Cobb in the store and also show Gamez's proximity in observing Cobb. The surveillance video further shows Gamez running after Cobb as he exited the store and grabbing and removing the backpack Cobb had stolen from Cobb's back before Gamez realized Cobb had cut him. The backpack remained at the scene while Cobb ran away. Gamez also testified about his observation of Cobb stealing items and placing them in the backpack Cobb also had stolen, his subsequent pursuit of Cobb, and his realization that Cobb had cut him. The evidence further established the injuries Gamez sustained were life-threatening. Gamez identified Cobb in a photo line-up shown to him by a detective during the course of the investigation and in the courtroom. A San Antonio park police officer also testified he recognized Cobb from a still photo from the surveillance video which was sent to all officers after the offense occurred. The officer testified he knew Cobb from prior encounters.

Having reviewed the record as a whole, we hold the evidence is sufficient to support Cobb's conviction. Even apart from the surveillance video and the park police officer's testimony, Gamez's testimony alone, which positively identified Cobb as the person who cut him during the commission of the offense, is sufficient to support Cobb's conviction. *See Bowden v. State*, 628 S.W.2d 782, 784-85 (Tex. Crim. App. 1982) (holding a complainant's identification of the defendant constitutes legally sufficient evidence to support a jury verdict); *Davis v. State*, 177 S.W.3d 355, 358-59 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding a jury could rationally find that appellant committed aggravated robbery based only on the complainant's positive identification of appellant as the one who committed the offense); *Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (concluding that victim's

testimony "standing alone" was sufficient to support aggravated robbery conviction) (citing *Batts v. State*, 673 S.W.2d 666, 668 (Tex. App.—San Antonio 1984, no pet.)).

Cobb's second issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Liza A. Rodriguez, Justice

DO NOT PUBLISH